# Court of Appeals.

January 17, 1893.

## PEOPLE v. THOMAS F. STARK.

(49 St. Rep. 899; 136 N. Y. 538.)

Indictment—Libel.

An indictment for libel, which contains no averment as to the manner of publication, whether by writing, printing or otherwise than by mere speech, or of the person or persons to whom it was addressed, or by whom it was seen or read, or that the names of such persons were unknown to the grand jurors, does not contain a plain and concise statement of the act constituting the crime.

Appeal from judgment of the supreme court, general term, fifth department, reversing judgment of the court of sessions of Wayne county, convicting defendant of libel, and dismissing indictment and discharging defendant.

J. W. Dunwell, for appellants.

W. Henry Davis, for respondent.

MAYNARD, J.—The judgment of conviction in this case has been reversed, the indictment dismissed, and the defendant discharged upon the ground that the indictment, which was for libel, was fatally defective in not sufficiently describing the offense charged to have been committed. The particular defect pointed out consists in an omission to state the manner in which the alleged publication was made. The pleading charges in substance that the defendant at a time and place designated wrongfully, unlawfully and maliciously published of and concerning one Asa T. Soule a false, scandalous and malicious libel in the "words and tenor following," comprising a verbatim statement of the defamatory matter published. There is no averment as to the manner of publication, whether by writing, printing or posting or otherwise than by mere speech, or of the person or persons to whom it was addressed, or by whom it was seen or read; or that the names of such persons were unknown to the grand jurors. Tested even by the liberal rule of the

Criminal Code, I do not think such an indictment contains a plain and concise statement of the act constituting the crime. So far as the manner of publication is concerned it does not allege any fact, but a mere conclusion of law. It was held by this court in People v. Dumar, 106 N. Y. 502; 11 St. Rep. 19, that the indictment must both charge the crime and state the act constituting it, and the principal reason for requiring a specific statement of the act is the right which the accused has to be informed of the precise accusation which he is required to defend.

In commenting upon the change wrought by the new system of pleading in other respects, Judge Danforth, at p. 512, says, "Under either system an offense consists of certain acts done or omitted under certain circumstances, and under neither is any indictment sufficient which does not accurately and clearly allege all the ingredients of which the offense is composed, so as to bring the accused within the true meaning and intent of the statute defining the offense."

The particular act proven in this case was the sending by the defendant through the mail of a newspaper, in a wrapper, addressed to one Ammon S. Farnum at Savannah, Wayne Co. The proof of this criminal act must have been before the grand jury or the indictment could not have been found, and there was therefore no obstacle in the way of the pleader, rendering it difficult or embarrassing to state the essential facts which constituted the crime. Such a rule of pleading is always practicable and easy of observance. If the libel complained of is a newspaper publication, it would be sufficient to say that it was published in a designated paper having a circulation in the county in which the indictment is found. But, under the precedent established in this case, it would be sufficient to state that the libel had been published in the county named, and follow it with proof of publication in some metropolitan daily, copies of which were taken within the county, and the defendant would be ignorant of the specific acts which he must disprove to establish his innocence until confronted with the People's witnesses at the trial. The charge contained in this indictment would have been equally well proven had it been shown that the defendant procured its publication in a Rochester journal

which circulated in the town of Savannah, or in any other news-paper having a like circulation, or wrote a letter containing the offensive article to some resident of that town, or caused it to be posted in a conspicuous place therein, or in many other ways which might readily be suggested. An indictment which exposes the defendant to attack from so many unexpected quarters failed to adequately fulfill the office which it was intended to perform as a pleading in a complete system of criminal procedure.

I, therefore, think that the general term was right in the conclusion which it reached, and that its order should be in all respects affirmed.

All concur, except EARL, PECKHAM and GRAY, JJ., dissenting.