THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MICHAEL PILLION, alias MICHAEL FINNERTY, Appellant.

*Information — requisites thereof — power of the Court of Special Sessions to pass upon the sufficiency thereof.*

An information in the Court of Special Sessions of the city of Albany performs the same office that an indictment does in courts of record, and while it is not expected that an information will be drawn with the same technical accuracy as an indictment, yet it should state with sufficient accuracy the crime charged, in order that the accused may know the exact offense which it is claimed that he has committed.

However awkwardly or inartificially an information in a Police Court may be drawn, if it charges a crime known to the law, and states acts done by the accused which constitute such crime, it will be held sufficient; it is essential to the sufficiency of an information that it contains such statements.

An information charging a person with the violation of a given section of the Code, where the section sets forth a number of offenses, is not sufficient, nor is an allegation therein, in the words of a subdivision of such section, a statement of the act which constitutes the crime charged.

Upon the trial of a prisoner the Court of Special Sessions of the city of Albany has power and authority to pass upon the sufficiency of the information in the case lodged in a Police Court, and when the information is insufficient to cause the defendant to be placed upon trial, a motion to dismiss and discharge the defendant should be granted.

APPEAL by the defendant, Michael Pillion, *alias* Michael Finnerty, from a judgment of the Court of Special Sessions, held in and for the city of Albany on the 4th day of May, 1894, convicting the defendant of a violation of section 41 K of the Penal Code of the State of New York.

*J. Murray Downs,* for the appellant.

*James W. Eaton, District Attorney,* for the respondent.

Per Curiam:

This is an appeal by the defendant from a judgment of conviction by the Court of Special Sessions of the city of Albany, for a violation of section 41 K of the Penal Code of the State of New York.

The evidence in the case is not brought before us on this appeal.

It appears from the record that the defendant had been brought before one of the police magistrates of the city of Albany, and the case against him was sent to the Court of Special Sessions for trial, and upon such trial, and before the taking of any testimony, a motion was made to dismiss the information and to discharge the defendant, for the reason: " That the information did not state facts sufficient to constitute a crime." This motion was denied. A motion was then made to dismiss the information, and for the discharge of the defendant, for the reason " that the court did not have jurisdiction of the offense, the same being an infamous crime."

This motion was also denied, and to these denials exceptions were taken by the defendant.

The information against the defendant is as follows :

" City and County of Albany, *ss. :*

" Michael F. Cantwell, being duly sworn, deposes and says that he resides in No. 876 Broadway, Albany ; that one John Doe, *alias* Michael Finnerty, at the city of Albany, in the county of Albany aforesaid, on the 10th day of April, 1894, did wrongfully, unlawfully, wickedly, willfully, maliciously and knowingly violate section 41 K of the Penal Code of the State of New York, as amended, in that he did, at the charter election being held in and for said city of Albany, that day vote at a polling place of the first district of the eighth ward of said city, under the name of Michael Finnerty of 866 Broadway, without being qualified therefor.

" MICHAEL F. CANTWELL.

" Taken, subscribed and sworn to before me this 10th day of April, 1894.

" Peter A. Stephens,
" *Police Justice, Justice of the Peace.*"

THIRD DEPARTMENT, MAY TERM, 1894. [VOL. 78.

We think the Court of Special Sessions was in error in denying the motion to dismiss the information and discharge the defendant.

An information in the Court of Special Sessions performs the same office that an indictment does in courts of record, and while, as has been heretofore held by this court, such informations " are not expected to be drawn with the technical accuracy that an indictment should be, yet, * * * taking the place as they do of indictments in superior courts, they should state with sufficient accuracy the crime charged, that the defendant may know the exact offense which it is claimed he has committed." (*People* v. *Olmsted*, 74 Hun, 323.)

It has been held that " An indictment for a statutory offense, especially when the offense is a misdemeanor, charging the facts constituting the crime, in the words of the statute, and containing averments as to time, place, person and other circumstances to identify the particular transaction, is good, as a pleading, and justifies putting the defendant on trial." (*People* v. *West*, 106 N. Y. 293.)

It is also held that an indictment must charge the crime, and also state the act constituting the crime. (*People* v. *Dumar*, 106 N. Y. 502–509.)

It is said that " the principal reason for requiring a specific statement of the act, is the right which the accused has to be informed of the precise accusation which he is required to defend." (*People* v. *Stark*, 136 N. Y. 538–541.)

These requirements are essential. However awkwardly or inartificially done, if the information charges a crime known to the law, and states acts done by the accused which constitute such crime, it will be held sufficient.

The information in this case does not comply with either of the requirements specified, and seems to have been drawn by one utterly unacquainted with the principles of pleading.

The crime charged is that John Doe, *alias* Michael Finnerty, did wrongfully, etc., " violate section 41 K of the Penal Code of the State of New York, as amended."

At the time set forth in the information, section 41 K of the Penal Code consisted of eighteen subdivisions, and many of such subdivisions specified several distinct and separate crimes.

The charge should be for the commission of some distinct and spe-

cific crime. Charging a person with the violation of a given section of the Code, which section sets forth a number of offenses, is not sufficient.

After attempting, in the manner indicated, to charge the commission of a crime, the information then proceeds to set forth a violation of the fifth subdivision of section 41 K, which subdivision defines and sets forth a distinct and separate crime, which is the subject of a distinct and separate charge. An allegation in the words of such subdivision is not the statement of an act which constitutes the crime charged, but is, in itself, the charging of a specific crime, which must be supplemented by a statement or specification of acts done which constitute such crime.

The charge, or rather, attempted charge, of a violation of said subdivision is insufficiently made in so far as it attempts to charge a crime, and nowhere in the information are there any acts or facts alleged which constitute the offense defined in subdivision 5.

There are other and still graver reasons for reversing the judgment of conviction in this case, which, however, we do not think the public interests require should be stated at this time, the reasons already given being sufficient to dispose of the case. The Court of Special Sessions had power and authority to pass upon the sufficiency of the information, and the information being insufficient to cause the defendant to be placed upon trial, the motion to dismiss and discharge the defendant should have been granted. "For it seemeth to me unreasonable to send a prisoner, and not withal to signify the crimes laid against him."

The judgment of conviction is reversed, and the defendant discharged.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Judgment of conviction reversed.