## Oneida County Court.

November, 1900.

## THE PEOPLE v. FRANK HILEY.

(33 Misc. 168; 102 St. Rep. 361.)

INFORMATION—CODE CRIM. PROC. § 145.

> An information which states that "defendant struck complainant in the face with his fists and knocked him down and kicked him" is insufficient for a conviction, as it fails to designate any crime as required by § 145 Code Crim. Proc., and fails to state that the acts of violence were committed in such a way as to be criminal.

APPEAL from a judgment of conviction in a court of special sessions, held by a justice of the peace. The information was in the following words, to-wit:

"Oneida County, *ss.*:

"Wallace Clow, of the town of Western, Oneida county, N. Y., being duly sworn, says that on the 9th day of August, 1900, in said town of Western, the defendant above named struck him in the face with his fists and knocked him down and kicked him. Deponent further prays that proper legal proceedings may be issued and that the said defendant be apprehended and held to answer this complaint and dealt with as the justice and law shall appertain.

"WALLACE CLOW.

"Subscribed and sworn to before me,
     this 9th day of August, 1900.
          "GEORGE W. HAWKINS,
"*Justice of the Peace of the town of Western.*"

The deposition of complainant was taken and duly verified, but contained this allegation only, viz.: "That Frank Hiley struck him in the face with his fists and knocked him down and kicked him." Before the trial, defendant moved that he be discharged and the proceedings dismissed on the ground that the court had no jurisdiction to try him under the warrant issued in the case, for the reason that the information was insufficient and does not state facts constituting a crime, and does not charge the commission of any designated crime, and that the warrant was insufficient and not specific enough and without jurisdiction, illegal and void. The warrant recited that information upon oath had been made before the justice that the "crime of assault and battery" had been committed at the time and place specified in the information.

*H. C. Wiggins,* for appellant.

*T. Curtin,* District Attorney, for respondent.

DUNMORE, J. The conviction in this case must be reversed for the reason that the information upon which the defendant

was tried did not sufficiently state the crime charged against him. The information did not designate any crime, or even allege that any crime had been committed. Neither the information nor the deposition alleged that the facts set forth were unlawfully or wrongfully committed.

If defendant committed the acts alleged in self-defense or in defense of his property, or in any other lawful way, he was guilty of no crime. The information should have alleged that defendant committed a crime. It should have excluded any hypothesis that the acts alleged were lawfully committed.

In Hewitt v. Newburger, 141 N. Y. 538, it was said: " It is sufficient if he does the act prohibited when the statute makes the mere act itself unlawful. But where a particular intent is an ingredient of the crime, the mere doing of the prohibited act does not constitute the crime unless accompanied with unlawful intent." Striking or kicking a man does not constitute a crime in all cases. It is only when done with an unlawful intent that it amounts to a crime. The mere act of striking or kicking may be an assault in one case and wholly innocent in another, depending upon the intent with which it was done.

The information should also have designated what crime had been committed. That this information failed to do. The Code of Criminal Procedure (§ 145) defines an information as follows: " The information is the allegation made to a magistrate that a person has been guilty of some designated crime."

In People ex rel. Baker v. Beatty, 39 Hun, 476, it was said: " Beginning at the foundation, we find by section 145 that the information to the magistrate must allege that defendant has been guilty of some *designated* crime."

Informations before committing magistrates should be liberally construed, and are not expected to be drawn with the technical accuracy that is required in an indictment, yet such information, taking the place of an indictment in superior courts, should state the crime charged with sufficient accuracy to enable the defendant to know the exact offense which it is claimed he has committed, so that he may properly prepare his defense, and

also in order that after he has been tried upon the charge he may plead it in bar upon any subsequent charge against him for the same offense. People v. Olmsted, 74 Hun, 323; People v. Pillion, 78 id. 74. The information in this case fails to designate any crime as required by section 145 of the Code of Criminal Procedure, and it fails to state that the acts of violence were committed in such a way as to be criminal. I conclude, therefore, that the information is defective in that it does not designate any crime, and does not even allege that any crime was committed.

As the conviction must be reversed by reason of the foregoing defects in the information it is unnecessary to decide the other questions raised by this appeal. Judgment of conviction reversed.

Judgment reversed.