(49 Misc. Rep. 435.)

PEOPLE ex rel. GORDON v. WAHLE, City Magistrate.

(Supreme Court, Special Term, New York County. February, 1906.)

CRIMINAL LAW—ISSUANCE OF WARRANT.

Where the facts laid before a magistrate were not an "information of a crime," the magistrate was justified in refusing to issue a warrant, under Code Cr. Proc. § 148, or to examine the informant and his witnesses under oath.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, §§ 439–443.]

Application by the people, on relation of Samuel Gordon, for an order directing Charles G. F. Wahle, city magistrate, to show cause why he should not be compelled to hear and determine the evidence in the case of Gordon v. Genud. Dismissed.

Max Brown, for relator.
Sulzberger & Kringel, for respondent.

BLANCHARD, J. This is an order directing respondent, a city magistrate, to show cause why he should not be compelled to hear and determine the evidence in the case of Gordon v. Genud. The facts stated in the moving affidavit are as follows: Genud took from relator certain coats, in which he agreed to sew button holes, at the same time signing a contract which provided that no work should be "held back." Genud now retains these coats in his possession, and has refused to return them. Relator applied to the respondent in the magistrate's court, where respondent was presiding, for a warrant; but respondent refused to entertain the complaint, on the ground that it was a civil question. Relator thereupon issued a writ of replevin, but when the marshal called at Genud's place relator's property could not be found. Relator then appeared before respondent, and demanded an examination of Genud, but respondent refused to grant an examination. The pertinent facts of respondent's answer are as follows: Upon the first application of relator for a warrant, it was found, upon examination, that Genud claimed a workingman's lien on the goods above mentioned for $47, which relator disputed, asserting that a less amount was due. In response to a summons, Genud appeared, and was questioned by respondent, who then announced that the proper remedy was in an action of replevin or conversion. Upon being informed that the marshal had been unable to find relator's goods, respondent issued a second summons, in response

to which Genud and relator's counsel appeared. Genud and his counsel present affidavits stating that they were not served with the writ of replevin before they appeared in response to the second summons. Upon being told by Genud's counsel that the goods were not in New York county, respondent informed relator's counsel that he had his remedy to discover the property under the Code. Relator relies upon section 148 of the Code of Criminal Procedure, which provides that:

"When an information is laid before a magistrate, of the commission of a crime, he must examine on oath the informant and prosecutor, and any witnesses he may produce, and take their depositions in writing."

Genud, who had appeared in answer to the summons, could not be compelled to testify, and relator has failed to allege a demand that respondent examine on oath either the informant or any other witnesses. The dismissal of this motion, however, may be rested upon the broader ground that the facts laid before respondent were not an "information of a crime," and that respondent was accordingly justified in refusing to issue a warrant.

Motion dismissed, with $10 costs.