(142 App. Div. 155.)

## SHAPPEE v. CURTIS.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

MALICIOUS PROSECUTION (§ 18*) — GROUNDS — "INFORMATION" AND "WARRANT."

An "information" is the allegation made to a magistrate that a person has been guilty of some designated crime, under the express provisions of Code Cr. Proc. § 145, and is the foundation for the jurisdiction of the magistrate, the office of a "warrant" being merely to bring the person charged before the magistrate; and where an information before a police justice alleged that plaintiff had for nine days without legal excuse not caused her child to attend upon instruction as required by law, and that she had not presented to the school authorities proof by affidavit that she was unable to compel the child to so attend, as required by Compulsory Education Law (Laws 1909, c. 409) § 537, subsec. 4 (Consol. Laws, 1910, c. 16, § 635, subsec. 4), the offense so stated was the only one the justice had power to try under the information, and the fact that the warrant stated that plaintiff had failed for nine days "to send

the said child to school as provided in the compulsory educational law" would not render the officer laying the information and procuring the warrant liable for malicious prosecution for having the arrest made for failure to send the child to school without probable cause, on the theory that he knew that the mother had sent the child to school each day, but that it had been excluded because of the mother's refusal to permit its vaccination, the uncontroverted testimony clearly establishing a violation of section 537, subsec. 4, of the compulsory education law, the offense charged in the information.

[Ed. Note.—For other cases, see Malicious Prosecution, Dec. Dig. § 18.* For other definitions, see Words and Phrases, vol. 4, pp. 3585–3589; vol. 8, pp. 7393–7396; vol. 8, pp. 7832, 7833.]

Appeal from Trial Term, Chemung County.

Action by Mary A. Shappee against John D. Curtis. From a judgment for plaintiff, and an order denying a new·trial, defendant appeals. Reversed, and new trial ordered.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Lewis E. Mosher, for appellant.

David C. Robinson, for respondent.

SEWELL, J. This action was brought for malicious prosecution. The defendant was an attendant officer of Union School No. 10 of the town of Horseheads, county .of Chemung, and a deputy sheriff of the county. The plaintiff is the mother of Bernice Shappee, a child 10 years of age. The child resided with her mother and regularly attended the school until November 11, 1909, when she was excluded therefrom by the principal, pursuant to an order of the board of health, because the plaintiff refused to permit her to be vaccinated. It appeared that the plaintiff insisted upon the admission of the child into the school, and continued to send her to the schoolhouse, and that the school officers persisted in their refusal to admit or receive her until vaccinated; that on the 23d day of November, 1909, the defendant, Curtis, laid written information before a police justice, in which he stated, among other things, that the plaintiff had not caused the child to attend upon instruction as required by law; that the child had been absent from instruction nine days, between November 11 and November 23, 1909, without legal excuse therefor; and that she had not presented to the school authorities proof by affidavit that she was unable to compel the child to so attend. It also appeared that acting upon this information, a warrant was issued by the justice to the defendant, who thereupon arrested the plaintiff, and she was thereafter discharged.

The court charged the jury that the information and warrant had no application to a case of a refusal to provide equivalent instruction elsewhere. He said:

"Mr. Curtis, knowing that this woman could not get her children' into school because the board of education had excluded them, goes before the justice of the peace and gets out a warrant because she does not send them to school. It seems a peculiar situation to me that a man, knowing that a woman was striving every way she knew how to get her children in the pub-

lic school, should go and swear out a warrant charging her with not sending them to public school; but that is just what occurred. The principal fact we have here is that Mr. Curtis did procure this woman to be arrested for an offense which he knew she had not committed."

These extracts from the charge of the learned trial justice show that the case was sent to the jury upon the theory that the charge against the plaintiff, and for which she was arrested, was a failure to cause the child to attend upon instruction at a school, and that the arrest of the plaintiff by the defendant was without probable cause. It is true that the warrant upon which the plaintiff was arrested stated that the plaintiff had "failed for nine days from November 11, 1909, to November 23, 1909, inclusive, to send the said child to school, as provided in the compulsory educational law"; but that was not the crime alleged in the information, and in respect to which the justice had authority to issue the warrant. The facts stated by the defendant, tending to establish the commission of the crime and the guilt of the plaintiff, were set forth in the information or deposition. "The information is the allegation made to a magistrate that a person has been guilty of some designated crime." Code Cr. Proc. § 145. It is the foundation for the jurisdiction of the magistrate. McKelvy v. March, 63 App. Div. 396, 71 N. Y. Supp. 541. It performs the same office that an indictment does in superior courts. People v. Olmstead, 74 Hun, 323, 26 N. Y. Supp. 818; People v. Pillion, 78 Hun, 74, 29 N. Y. Supp. 267. The office of a warrant is to bring the person charged before the magistrate. When that is done, its office is at an end. People ex rel. Gunn v. Webster, 75 Hun, 278, 26 N. Y. Supp. 1007.

The information or deposition upon which the warrant was issued, so far as the averment of the commission of an act is concerned, is substantially in the words of the statute. It stated, as we have already observed, that the plaintiff had not caused the child to attend upon instruction, and that the child had been absent from instruction nine days without excuse. That was the designation of the crime which it was alleged the plaintiff had committed, and the only crime the justice had power to try under the information. There is no pretense that the uncontroverted testimony in this case did not clearly establish a violation of subsection 4 of section 537 of the compulsory education law (Laws 1909, c. 409), now (Consol. Laws 1910, c. 16, § 635, subsec. 4), in that she did not cause the child to attend upon instruction or present proof by affidavit that she was unable to compel her to so attend. It therefore can be said as matter of law that the defendant had probable cause to believe the plaintiff guilty of the crime charged and that he was fully justified in instituting the proceeding. Willard v. Holmes, 142 N. Y. 492, 37 N. E. 480; Rawson v. Leggett, 184 N. Y. 508, 77 N. E. 662; Schultz v. Greenwood Cem., 190 N. Y. 276, 83 N. E. 41. In other words, that the evidence showed, not the want of a probable cause, but the existence of a real cause.

It follows that the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except SMITH, P. J., not voting.