(87 Misc. Rep. 274)

## PEOPLE v. GUSSFELD et al.

### (Court of General Sessions, New York County. October, 1914.)

1. CRIMINAL LAW (§ 249\*)—SUMMARY PROSECUTION—JURISDICTION OF MAGISTRATE'S COURT.

   Disorderly conduct tending to a breach of the peace is an offense for which a person may, under the express provisions of Consolidation Act (Laws 1882, c. 410) §§ 1458, 1459, be tried and convicted in a Magistrate's Court.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 520; Dec. Dig. § 249.\*]

2. CRIMINAL LAW (§ 223\*)—PRELIMINARY EXAMINATION—PROCEDURE.

   Where a defendant is charged with a specific crime, as distinguished from an offense of which the Magistrate's Court of the City of New York has summary jurisdiction as a trial justice, the magistrate should conduct an examination, and, if it appears that a crime has been committed and that there is sufficient cause to believe the defendant guilty thereof, commit defendant for trial.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 463, 465; Dec. Dig. § 223.\*]

3. CRIMINAL LAW (§ 249\*)—PRELIMINARY EXAMINATION—PROCEDURE—INFORMATION.

   Where the affidavit filed with the magistrate, not only charges a defendant with disorderly conduct, but also with a specific crime, the magistrate cannot entertain the charge of disorderly conduct, but must make inquiry whether there is reasonable ground to believe that the designated crime has been committed.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 520; Dec. Dig. § 249.\*]

4. CRIMINAL LAW (§ 252\*)—SUMMARY PROSECUTION—INFORMATION—SUFFICIENCY—ASSAULT.

   An information charging that defendants were threatening, abusive, and insulting in their behavior in the street, with intention to provoke a breach of the peace, and that they did set upon, strike, and pommel deponent, injuring his face, without any cause or provocation, charged disorderly conduct, but, since it failed to allege that the striking was unlawful and wrongful, did not charge a criminal assault, so as to preclude jurisdiction to try them for disorderly conduct and require them to be held for trial on a charge of assault.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 526–536; Dec. Dig. § 252.\*]

5. CRIMINAL LAW (§ 29\*)—APPEAL—GROUND FOR REVERSAL.

   That the evidence discloses the commission of a greater crime than that charged, or that defendant has been proceeded against for the lesser of two crimes committed by the same act, is not ground for reversal on conviction for the lesser crime.

   [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 29.\*]

Appeal from Magistrate's Court.

Mose Gussfeld and another were convicted of disorderly conduct, and appeal. Affirmed.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

Wahle & Kringel, of New York City, for appellants.

Charles S. Whitman, Dist. Atty., of New York City, for the People.

WADHAMS, J. This is an appeal from a judgment in the Magistrate's Court upon conviction of the defendants of disorderly conduct, pursuant to which they were committed to the workhouse for a period of six months. The grounds of the defendants' appeal are: First, the learned city magistrate was without jurisdiction to try and adjudge, convict, and commit either of the defendants; second, that error was committed in the admission of evidence prejudicial to the rights of the defendants; third, that the judgment of conviction is against the weight of the credible evidence; fourth, that the sentence imposed is excessive.

In support of the ground that the magistrate was without jurisdiction, the defendants urge: (a) That the information on its face charged either a misdemeanor or a felony, and that the evidence taken under the information established, if true, a felony. (b) That the information conferred no jurisdiction upon the court to take any proceedings against these defendants because it failed to designate the crime of which the defendants stood accused.

In the case before me, the charge against the defendants was partly printed, and partly in writing upon a form, the back of which was indorsed: "Affidavit. Disorderly Conduct"—as follows:

"City Magistrates' Court, Third District, First Division.

"City and County of New York—ss.:

"Louis Abosh, of No. 259 Seventh street, being duly sworn, deposes and says, that on the 24th day of August, 1914, at the city of New York, in the county of New York, Mose Gussfeld and Jacob Landau (now here) were in 82 East Tenth street, using threatening, abusive, and insulting behavior, with intent to provoke a breach of the peace, and whereby a breach of the peace might be occasioned; that said defendants did then and there set upon and strike and pummel deponent, injuring deponent's face without any cause or provocation on part of deponent.      [Signed]   Louis Abosh.

"Sworn to before me this 25th day of August, 1914.
                                 "[Signed]   J. E. Corrigan, City Magistrate."

Acting upon this affidavit, the magistrate proceeded to try the defendants for the offense of disorderly conduct. The defendants contend that it appears on the face of the affidavit that the charge made against the defendants was assault; that it was therefore the duty of the magistrate to examine, as in such case provided, whether a crime had been committed, and, if it so appeared, to hold the defendants to answer the same; that a charge of assault could not be converted into a charge of disorderly conduct by so labeling the complaint; and that the magistrate had no jurisdiction to entertain the charge of disorderly conduct or to try the defendants for that offense.

[1] The magistrate is vested with twofold powers: In certain cases he may sit as a trial court, and hear, determine, and pass judgment. In other cases, he is given authority to sit as a court of inquiry. Disorderly conduct tending to a breach of the peace is one of the offenses for which a person may be tried and convicted in the Magistrate's Court. Consol. Act, §§ 1458, 1459; Greater N. Y. Charter (Laws 1901, c. 466) §§ 1608, 1610; People v. Meyers, Malone, J., Court of General Sessions, 71 Misc. Rep. 77, 129 N. Y. Supp. 1099; Cohen

v. Warden of the Workhouse, 150 N. Y. Supp. 596. In the case last cited, Mr. Justice Goff says:

"The sense is clear that the magistrate is vested with authority to determine two things: First, is the conduct disorderly? and, secondly, does it tend to a breach of the peace? That conferring such authority is within the legislative power there cannot be question, and the reason for its exercise is apparent when it is considered that it is beyond human ingenuity in the use of the English language to specify and particularize all the acts of reckless or vicious men in a populous city that may tend to a breach of the peace."

[2] Where the defendant is charged with the commission of a specific crime, as distinguished from an offense which the magistrate has summary jurisdiction to determine in his capacity as a trial justice, obligation is imposed upon the magistrate by the provisions of the Code of Criminal Procedure to conduct an examination, and, if it appears from the examination that a crime has been committed, and that there is sufficient cause to believe the defendant guilty thereof, to commit him for trial at the Court of Special Sessions, or for indictment by the grand jury, as the case may be. Code Crim. Proc. §§ 149, 150, 190, 208, 209, 211, 213; Tanzer v. Breen, 139 App. Div. 10, 123 N. Y. Supp. 497. The duty of the magistrate to make such inquiry is found in section 148 of the Code of Criminal Procedure, which provides:

"When an information is laid before a magistrate of the commission of a crime, he must examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them."

The magistrate is to proceed when an information is laid before him. Section 145 defines an information as follows:

"The information is the allegation made to a magistrate, that a person has been guilty of some designated crime."

[3] The foundation of the magistrate's jurisdiction is the affidavit or information laid before him. Shappee v. Curtis, 142 App. Div. 155, 127 N. Y. Supp. 33; People ex rel. Sampson v. Dunning, 113 App. Div. 39, 98 N. Y. Supp. 1067; McKelvey v. Marsh, 63 App. Div. 396, 71 N. Y. Supp 541. The affidavit in this case clearly charged the defendants with the offense of disorderly conduct, and if it also charged the defendants with the commission of the crime of assault, then, in my opinion, it was the duty of the magistrate to make inquiry pursuant to the Code of Criminal Procedure, and not to try the defendants for the offense of disorderly conduct. In other words, where an information not only charges defendant with disorderly conduct, but also with the commission of a specific crime, the magistrate has no option, and cannot entertain a charge of disorderly conduct, but must make inquiry, pursuant to the Code of Criminal Procedure, as to whether or not there is reasonable ground to believe that the designated crime has been committed.

Such obligation is only imposed upon the magistrate where the information charges the specific crime, for if it fail to allege and designate the crime the magistrate acquires no jurisdiction. People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 79 N. E. 330, 10 L. R. A. (N. S.) 159, 9 Ann. Cas. 972; People ex rel. Clark v. Keeper of State Reformatory, 176 N. Y. 465, 68 N. E. 884; Hewitt v. Newburger, 141 N. Y.

538, 36 N. E. 593; People ex rel. Brown v. Tighe, 146 App. Div. 491, 131 N. Y. Supp. 693; People ex rel. Sampson v. Dunning, 113 App. Div. 35, 98 N. Y. Supp. 1067; People ex rel. Sandman v. Tuthill, 79 App. Div. 24, 79 N. Y. Supp. 905; People ex rel. Gordon v. Wahle, 49 Misc. Rep. 435, 99 N. Y. Supp. 895; People ex rel. Fleming v. Mayer, 41 Misc. Rep. 289, 84 N. Y. Supp. 71; People v. Hiley, 33 Misc. Rep. 168, 68 N. Y. Supp. 361; People v. Pillion, 78 Hun, 74, 29 N. Y. Supp. 267. In the Wyatt Case, 186 N. Y. at page 395, 79 N. E. at page 335, 10 L. R. A. (N. S.) 159, 9 Ann. Cas. 972, Justice Chase says:

"The information must contain an allegation that a person has been guilty of a crime and an allegation that some designated crime has been committed."

In People ex rel. Clark v. Keeper, after pointing out that the contradictions in magistrates' records were such that it was impossible to say that any offense had been charged and set forth with the convenient certainty which the laws requires, Judge Werner (176 N. Y. at page 469, 68 N. E. at page 885) says:

"While it is not necessary that the offense should be charged with the precision required in an indictment, the record should show that the relator is charged with some offense known to the law by some statutory or legal definition (People ex rel. Allen v. Hagan, 170 N. Y. 52, 62 N. E. 1086), and this is particularly true in the cases where an alleged offender may, by a single act, lay himself liable to either one of several charges."

In the Dunning Case, 113 App. Div. at page 39, 98 N. Y. Supp. at page 1069, Justice Woodward, after citing section 145 of the Code, says:

"This would seem to require, where the real defendant was known, a designation of the person sufficiently clear so that there would be no justification for attempting to make him a witness against himself, and at the same time a designation of the crime which it was alleged such person had committed, not by an argumentative blanket allegation of facts and conclusions, but by a plain and concise statement that some known crime, such as murder, arson, burglary, grand larceny, conspiracy, or assault had been committed. This is evident, not alone from the language of the section quoted, but from that of succeeding sections. * * * Words having a precise and well-settled meaning in the jurisprudence of a country are to be understood in the same sense when used in its statutes, unless a different meaning is unmistakably intended (Perkins v. Smith, 116 N. Y. 441, 448, 449 [23 N. E. 21], and authority there cited) and when section 145 of the Code of Criminal Procedure undertook to define an information, and to require that it should allege 'that a person has been guilty of some designated crime,' it used the word 'designated' in its well-settled legal sense, which is 'to call by a distinctive title; to point out by distinguishing from others; to express or declare; to indicate by description or by something known and determinate; to point out, or mark by some particular token; to show; to point out; to specify.' 14 Cyc. 229, and authorities cited in notes; 9 Am. & Eng. Ency. of Law (2d Ed.) 405, and authorities cited in notes, particularly note 2. Tried by this test, it is very plain that the information before the justice, upon which it is sought to compel the relator to testify, does not charge that any person has been 'guilty of some designated crime,' and this is a jurisdictional defect which may not be overlooked."

In the Tuthill Case, 79 App. Div. at page 25, 79 N. Y. Supp. at page 906, the court says:

"The statute contemplates that the information shall set forth that a definite crime has been committed, not with all of the particularity of an indictment, * * * but with sufficient definiteness so that the magistrate may know that some particular offense against the law is charged."

In the Newburger Case the information was held insufficient where it failed to aver the unlawful and criminal intent which constitutes crime.

In the Hiley Case the information is peculiarly like the affidavit in this case. It reads:

"Wallace Clow, of the town of Western, Oneida county, N. Y., being duly sworn, says that on the 9th day of August, 1900, in said town of Western, the defendant above named struck him in the face with his fists and knocked him down and kicked him."

Judge Dunmore (33 Misc. Rep. at page 169, 68 N. Y. Supp. at page 362) says:

"The conviction in this case must be reversed, for the reason that the information upon which the defendant was tried did not sufficiently state the crime charged against him. The information did not designate any crime, or even allege that any crime had been committed. Neither the information nor the deposition alleged that the facts set forth were unlawfully or wrongfully committed. If defendant committed the acts alleged in self-defense or in defense of his property, or in any other lawful way, he was guilty of no crime. The information should have alleged that defendant committed a crime. It should have excluded any hypothesis that the acts alleged were lawfully committed. * * * The information should also have designated what crime had been committed That this information failed to do. * * * In People ex rel Baker v Beatty, 39 Hun, 476, it was said: 'Beginning at the foundation, we find by section 145 that the information to the magistrate must allege that defendant has been guilty of some designated crime.'"

[4] In the case at bar the information did not allege a criminal assault, in that it did not allege that the striking was unlawfully and wrongfully committed, and it also did not charge that the defendant was guilty of the crime of assault. The magistrate properly entertained and determined the case as a disorderly conduct charge.

This construction appears to me, not only to be the clear intent of the statute and sanctioned by judicial decision, but also to be based upon sound public policy. Where the complainant lays information making a charge against the defendant of the commission of a specific crime, the magistrate is required to make inquiry as to whether or not there is reasonable ground to believe that such crime has been committed, and, if it so appears, to hold the defendant for trial

Where, however, the defendant is not charged with the commission of a specific crime, but with the offense of disorderly conduct, tending to a breach of the peace, it best serves the public interest that such charge be summarily disposed of in the Magistrate's Court, even though the conduct complained of be accompanied by disorderly acts which, although they are aggravating circumstances, are not of such a character as to warrant or require the preferring of a criminal charge.

[5] Assaults frequently arise out of or by reason of disorderly conduct. That does not mean that the charge of assault is in every case preferred, but the defendant may be proceeded against for the lesser offense, and if this course is pursued the defendant cannot complain that he has been proceeded against for the lesser of two offenses committed by him. Neither is the fact that the evidence given upon the trial discloses the commission of a greater crime ground for reversal upon conviction for the lesser.

In People v. Solomon, 125 App. Div. 429, at page 431, 109 N. Y. Supp. 906, at page 908, the defendants were convicted in the Court of Special Sessions, under section 675 of the Penal Code, for interfering with a person boarding a surface car, and it was contended that the judgment should be reversed for the reason that the evidence showed that they had in fact been guilty of an attempt to pick a pocket. Justice Ingraham, after stating that the evidence of the police officer clearly justified a finding that these three defendants were united in an attempt to pick the pocket of the complainant, says:

"If the defendants could have been convicted of an attempt to commit robbery, the fact that the district attorneys saw fit to prosecue them for a lesser crime is certainly no reason that a conviction for the lesser crime should be reversed."

In People v Robinson, 73 Misc. Rep. 343, at page 346, 132 N. Y. Supp. 674, at page 677, Judge Crain, after pointing out that, if the facts disclosed upon the trial had been elicited upon a preliminary examination, the magistrate would have been justified in holding the defendant either for the Court of Special Sessions or to await the action of the grand jury, says:

The fact that "instead of being so held he was tried charged with the commission of a lesser offense, to wit, of disorderly conduct tending to a breach of the peace, under the provisions of the Consolidation Act, affords him no ground of complaint."

Distinction should be made between the obligation imposed upon the magistrate by reason of the character of the information laid before him to make inquiry, and the authority of the magistrate to make inquiry when he believes that such inquiry should be made in the public interests. By section 82 of the Inferior Criminal Courts Act (Laws 1910, c. 659) it is provided:

"When a complaint, oral or written, is made to a magistrate and the magistrate * * * believes that in the public interest he should inquire into and investigate the complaint so made, he may issue a summons" in the form provided by statute.

It is further provided:

"Upon the return of the summons the magistrate shall inquire and investigate into the subject-matter of the complaint and determine whether the case is one in which a warrant should issue."

Ample authority is thus given the magistrate, when he deems the facts warrant it, to make inquiry upon complaints laid before him and to judicially determine whether a warrant should issue. People ex rel. Lindgren v. McGuire, 151 App. Div. 413, 136 N. Y. Supp. 88.

This case should also be distinguished from those cases in which the courts have passed upon the sufficiency of depositions or informations where the proceedings before the magistrate were collaterally attacked, as in actions for false imprisonment, for in such cases it has frequently been held that great latitude of construction should be indulged in. Swart v. Rickard, 148 N. Y 264, 269, 42 N E. 665; McKelvey v. Marsh, 63 App. Div. 396, 398, 71 N. Y Supp 541; Hewitt v Newburger, 66 Hun, 230, 20 N. Y. Supp 913.

A careful examination of the evidence does not disclose that any error was committed in the admission of evidence prejudicial to the rights of the defendants, or that the judgment of conviction is against

the weight of credible evidence. It appears from the evidence presented by the people that the defendants, with two of their workmen, sought the complainant, and, immediately upon finding him, the four fell upon, kicked, and beat him. The case was tried before the magistrate on the day following the event, and he had the opportunity of seeing the complainant and hearing the witnesses. I find nothing in the record which would justify my modifying the sentence.

Judgment affirmed.