PEOPLE v. McILWAIN.

(Delaware County Court.   January 4, 1915.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 158*)—NOTICE OF REQUIREMENT.

Where the trustee of a school district personally notified parents of pupils that the vaccination laws would be enforced, there was a sufficient compliance with Public Health Law (Consol. Laws, c. 45) § 310, requiring 10 days' notice of a resolution to exclude unvaccinated pupils.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 329; Dec. Dig. § 158.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 173*)—OFFENSES—DEFENSES.

Education Law (Consol. Laws, c. 16) § 621, provides that all children between the ages of 8 and 14 shall attend school during the entire school term. Section 624 declares that parents or guardians shall cause children to attend for instruction as required by law. By Public Health Law, § 310, school pupils were required to be vaccinated. *Held*, that the parents or guardians of children, excluded from the schools because not vaccinated, cannot excuse their failure to have such children attend school, or to furnish them with instruction, on the ground that the children were sent to school, but were excluded.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 344; Dec. Dig. § 173.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 158*)—CRIMES—EVIDENCE.

Public Health Law, § 310, declares that no child or person not vaccinated shall be admitted into any public school, and that the officers may adopt a resolution excluding such children, and shall announce that due provisions have been made for the vaccination of any child desiring to attend school whose parents or guardians are unable to procure vaccination, or who are by reason of poverty exempted from taxation. Section 311 provides for the appointment of a physician by the trustees or board. *Held*, that the provision of the statute requiring vaccination is mandatory, although the provision relating to the appointment of a physician by the trustees is discretionary; hence accused cannot excuse his failure to have his children vaccinated, so that they could attend school, where he did not furnish them with instruction elsewhere.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 329; Dec. Dig. § 158.*]

Appeal from Justice Court.

William D. McIlwain was convicted in the Justice Court of crime, and he appealed to the County Court.   Conviction affirmed.

O'Connor & O'Connor, of Hobart, for appellant.

H. J. Hewitt, Dist. Atty., of Delhi (Andrus & McNaught, of Stamford, of counsel), for the People.

RAYMOND, J.   This proceeding was instituted by the laying of an information by Calvin Peters, as truant officer of school district No. 12 of the town of Harpersfield, Delaware county, N. Y., before Howard A. Dyckman, Esq., a justice of the peace of the town of Harpersfield, N. Y., charging the defendant with having committed the crime of misdemeanor, in that he had failed to cause his two children, Ethel McIlwain and Morris McIlwain, who are between the ages of 7 and 16 years, to attend upon instruction as provided in section 624 of the Education Law of the state of New York.   A warrant was thereupon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

issued on the 27th day of October, 1914, and the defendant arrested and brought before the magistrate above named. Thereafter such proceedings were had and taken that the said William D. McIlwain was tried before said Howard A. Dyckman, Esq., justice of the peace, and a jury, and found guilty of the crime of misdemeanor charged, and fined by said magistrate the sum of $5, according to the provisions of section 625 of the Education Law of the state of New York, and in default of the payment of said fine that he be imprisoned until the same be satisfied, not to exceed five days. Thereafter such proceedings were had and taken that the defendant obtained a certificate from the County Judge of Delaware county, allowing an appeal from the conviction of said William D. McIlwain to the County Court of Delaware county, and the same has been duly submitted by the attorneys for the respective parties thereto, and is now before me for decision.

It appears from the evidence in the case that prior to the opening of the school in school district No. 12 the trustee personally notified the appellant and all other parents of children residing in said district that the provisions of the Public Health Law in relation to vaccination and the Education Law in relation to attendance would be enforced in said district. It also appears from the evidence that neither of the children of the appellant had been vaccinated, which fact is also apparent from the health certificate made by Dr. Craig, a reputable physician living in that locality. After affording the appellant a reasonable opportunity to comply with the law, the trustee instructed the teacher, a Miss Smith, to exclude the children from school, and notified them that they could not attend until vaccinated. It further appears that the children were then absent from school 7 days, between October 19th and October 27th, when this proceeding was instituted. There is no claim made on the part of the defendant, and the evidence conclusively establishes the fact, that the children did not receive instruction equivalent to that furnished by the school in such district, outside of said school.

The appellant's attorneys, in their brief submitted to this court, urged the reversal of the judgment of conviction upon three grounds: (1) That it appeared by the evidence that the defendant did not at any time refuse to send his said children to school, but that, on the contrary, he caused them to go to school, and that they had been sent home from said school by the teacher thereof, and told that they would not be admitted into said school until they had been vaccinated. That the defendant had refused to have said children vaccinated, and that therefore he was not guilty of the crime of having violated section 624 of the Education Law. (2) That it appeared by the health certificate introduced in evidence by the people on the trial that each of the said children of the said William D. McIlwain was subject to chronic sore throat, pharyngitis, and other throat diseases, and that the defendant sought to prove by Dr. Mowbray, a duly licensed and practicing physician and surgeon, that the vaccination of the children would under these circumstances be liable to result in serious injury to the health of said children, and that said evidence was excluded against the objection of the counsel for said defendant. (3) That Irving Dayton,

who was the sole trustee of school district No. 12 of the town of Harpersfield, Delaware county, N. Y., had not adopted a resolution excluding children and persons not vaccinated from attending school, and did not give the 10 days' notice of said resolution as provided by section 310 of the Public Health Law of the state of New York.

[1] As to the first proposition urged in behalf of the defendant, the same seems to be fully covered by the evidence, and it is true that the defendant did not at any time refuse to send his children to school, but did refuse to have them vaccinated. As to the second proposition, as to the defendant's right to introduce the evidence sought to be introduced by him as to the information of Dr. Mowbray as to what effect vaccination would have on defendant's children, I think it was properly excluded by the justice. In regard to the third proposition, it seems that Irving Dayton was sole trustee of the school district, and, while he did not in any way adopt a resolution, he did personally give notice to the inhabitants of the district and to the defendant that unless he complied with the vaccination law that his children would be excluded from the school, which notice, I believe, was a sufficient compliance with the requirements of the Education and Public Health Laws.

[2] The fact that the defendant sent his children to the schoolhouse some of the days during the period in question was no defense, and did not relieve him from the penalty imposed by the statute. The proceeding here was for the purpose of imposing a penalty upon the defendant for failure to comply with the requirements of the Education and Public Health Laws. The state, speaking through the Legislature, had enacted a requirement (section 621 of the Education Law) that all children between the ages of 8 and 14 years shall attend school during the entire time the school in the district shall be in session. Section 624 of the Education Law provides that it shall be the duty of the parents or guardians of such children to cause the children to attend upon instruction as required by the law. The public school system is free, and the state, in maintaining it and affording all the children an opportunity for an education, imposes certain conditions to be complied with to entitle such children to attend. If the conditions are not complied with, the right to enjoy the benefits of the free public school does not exist, and the parent must furnish equivalent instruction elsewhere.

In this case the defendant did not cause his children to comply with the conditions imposed by the state to entitle them to attend school, did not furnish equivalent instruction elsewhere, but insisted upon his right to send them to school as he saw fit. This assertion upon his part of a right to exercise his individual judgment did not set the statute aside, and the fact that he sent the children to the schoolhouse is no defense whatever, for he did refuse to send them to school, prepared to attend, as the law requires, and he did fail and refuse to furnish them equivalent instruction to that which they would receive in the school. The Appellate Division of this department, in an opinion written by Judge Sewell in the case of Shappee v. Curtis, 142 App. Div. 155, 127 N. Y. Supp. 33, being a similar case, where

the parent insisted upon the right to send the child to school and continued to send her to the schoolhouse from day to day, the child not having been vaccinated, held the act of the parent no defense.

[3] Neither do I believe that it was an error on the part of the justice to exclude the evidence of Dr. Mowbray. The evidence of Dr. Mowbray was offered for the purpose of proving that vaccination was dangerous and the law unjust. If this proceeding had been instituted for the purpose of compelling the defendant to vaccinate the children, the evidence might have been competent; but such was not the purpose of the proceeding. It was and is a matter of indifference to the people, the complainant, and to the state, whether this defendant causes his children to be vaccinated or not, and the question of the effect of vaccination upon these particular children, or in general, was entirely an immaterial matter; therefore the evidence was incompetent for any purpose in this proceeding.

This proceeding was not brought against the defendant for failure to cause his children to be vaccinated, but was brought for failure on his part to comply with the requirements for admission into the school, and for failure on his part to satisfy the requirements of the statute by furnishing his children with equivalent instruction elsewhere. The Public Health Law (section 310) reads as follows:

"No child or person not vaccinated shall be admitted or received into any of the public schools of the state, and the trustees or other officers having the charge, management or control of such schools shall cause this provision of law to be enforced. They may adopt a resolution excluding such children and persons not vaccinated from such school until vaccinated, and when any such resolution has been adopted, they shall give at least ten days' notice thereof, by posting copies of the same in at least two public and conspicuous places within the limits of the school government, and shall announce therein that due provision has been made, specifying it, for the vaccination of any child or person of suitable age desiring to attend the school, and whose parents or guardians are unable to procure vaccination for them, or who are, by reason of poverty, exempted from taxation, in such district."

This section enacts a positive and mandatory law, and imposes an explicit duty upon school officers, namely: It provides that no child not vaccinated shall be admitted or received into any public school; and, second, that the officers having charge and control of the school shall cause the provision to be enforced. No discretion is vested by this enactment; no exception is made; it is the law of the state, to be obeyed by every citizen, and to be enforced by every school official enacted by the Legislature, and not dependent for life, force, or effect upon the discretion, whim, or caprice of any board of school officials or individual school trustees.

This section further provides that the school officials may adopt a resolution excluding such children, and when such resolution is adopted shall give notice by posting the same in two places in the district for 10 days, and state in the notice that provision has been made for the vaccination of any one desiring to attend school "whose parents or guardians are unable to procure vaccination for them or who are by reason of poverty exempted from taxation in such district." It seems to be clear that by this clause of section 310 discretion is vested in the trustees or board of education in charge of the school to adopt

a resolution, not for the purpose of infusing life into the enactment of the Legislature, not for the purpose of giving force or effect to a law of the state of New York, but for the purpose of giving notice to the children and the parents of the children who are financially unable to procure vaccination and pay for it, or who are physically unable by reason of illness to take their children to a physician, or who are by reason of poverty exempted from taxation, of a time and place and a physician by whom they may be vaccinated, at the expense of the district.'

Section 311 seems clearly to establish the fact that such was the purpose and intent of the second clause of section 310, for it is there provided that the trustees or board may appoint a physician, fix his compensation, and cause such children to be vaccinated, and the expenses incurred are to be deemed a part of the expenses of maintaining the school, and levied and collected in the same manner as other school expenses from the property of the taxable inhabitants of said district. This provision is clearly discretionary, and it is manifest that the statute is effective and in force without the discretion being exercised.

A provision in a statute is mandatory or directory according as it is the essence of the requirement or of the form or manner of it, and in determining whether a provision of the statute is mandatory or directory merely the end sought to be attained by the provision is important to be considered. The Court of Appeals in a recent decision, decided June 2, 1914, in the case of People of the State of New York, Respondent, v. Hagbard Ekerold, Appellant, 211 N. Y. 386, 105 N. E. 670, holds that the law requiring vaccination of children in the public schools is a proper one:

"The law requiring vaccination of children in the public schools is a proper one. When a father sends his child to school unvaccinated, and the school authorities refuse to allow said unvaccinated child to attend school, * * * and the father refuses to permit vaccination, and thereafter does not cause said child to attend on instruction, as provided in section 624 of the Education Law, * * * he is subject to the penalty provided in section 625 of that act."

Judge Hiscock in the case last cited says:

"It is obvious that a parent should not be allowed to escape his duty to send his children to school as provided by law on any excuse which is not an ample justification for such course. Our public school system has been developed with great pains and solicitude, and its maintenance and support have been recognized as so important for the welfare of the state that they have been provided for and safeguarded in the Constitution itself. As a part of this system a statute has been passed requiring attendance at school of children within certain limits. If indifferent or selfish parents, for ulterior purposes, such as the desire to place young children at labor, instead of school, or from capricious or recalcitrant motives, may be allowed to manufacture easy excuses for not sending their children to school, a ready method will have been developed for evading the statute compelling such attendance, and, if the statute which requires parents to see to it that their children attend and take advantage of this school system may be lightly and easily evaded, the purposes of the state in providing and insisting on education will be frustrated and impaired. Failure to comply with the statute ought not to be excused, except for some good reason."

Under the line of decisions bearing upon the questions in the case, I therefore shall hold that the conviction of the defendant in this case was legal, and therefore affirm the judgment of conviction herein, and an order may be entered accordingly, affirming said judgment and directing the execution thereof.