THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MABEL ZEIGLER, Appellant.

County Court, Chenango County, September, 1932.

*Glenn F. Carter, District Attorney*, for the People.

*James S. Flanagan*, for the appellant.

Brown, J. The defendant appeals to the County Court from a judgment of the City Court of Norwich convicting the said defendant of the crime of assault in the third degree. The defendant was convicted, following a trial before the city judge, without a jury. The defendant, in her affidavit upon which the appeal was allowed, assigns several grounds as errors calling for a reversal of the judgment of conviction, among them claiming that the court had no jurisdiction, because the information upon which the warrant was issued was insufficient. The information, made by Charles Zeigler, husband of the defendant, and which, as appears from the return made by the city judge, was drawn by him, charges the defendant with the crime in the following words: " Charles Zeigler being duly sworn says that he resides at 14 Adams Street, Norwich, N. Y.; that on or about the 30th day of June, 1932, one Mabel Zeigler, deponent's wife, committed the crime of assault, 3rd degree by striking and beating deponent with a frying pan. Deponent further says that the aforesaid crime was committed within the corporate limits of the City of Norwich, N. Y." The affidavit purports to have been signed by Charles Zeigler and sworn to before the city judge of Norwich.

The Penal Law divides the crime of assault into three degrees, first, second and third degrees. In order to constitute the crime of assault, the element of intent must be present. Section 240 of the Penal Law, defining the crime of assault in the first degree, couples the act necessary to constitute such crime with an intent. Likewise section 242 of the Penal Law, in defining the crime of assault in the second degree, which may be committed in either of five different ways, makes the commission of such crime dependent upon intent. While the word " intent " is not used in section 244, defining assault in the third degree, it must, of necessity, be an element of such a crime, as it is but another degree of the crime of assault, and to commit an assault there must be a felonious intent. (*People* v. *Bransby*, 32 N. Y. 525, 535.)

Not every use of violence by one person against another is an assault. The use of force and violence by a party about to be injured does not constitute assault, for under such circumstances it is not unlawful. (Penal Law, § 246.)

The information upon which the warrant in this case was issued did not allege that the striking and beating referred to in the affidavit was unlawful. So far as any statement appearing in the affidavit, the striking by the defendant of the complainant may have been done in self-defense, and if acting in such a manner at the time of the striking, the defendant would not be guilty of the crime charged in the information. Unless the information upon which the

warrant was issued charged the commission of a crime, the City Court acquired no jurisdiction of the person of the defendant. In order to sustain the judgment of conviction, the information must allege the commission of some crime. (*People* v. *Gussfeld*, 87 Misc. 274; *People* v. *Gardner*, 71 id. 335, 337; *Hewitt* v. *Newberger*, 141 N. Y. 538; *People ex rel. Perkins* v. *Moss*, 187 id. 410, 420; *People* v. *Hiley*, 33 Misc. 168; *People* v. *Stevens*, 109 id. 159, 163.)

In *Hewitt* v. *Newberger* (*supra*) Judge BARTLETT, writing, says; " It is sufficient if he does the act prohibited when the statute makes the mere act itself unlawful. But when a particular intent is an ingredient of the crime, the mere doing of the prohibited act does not constitute the crime unless accompanied with unlawful intent."

While informations before committing magistrates should be liberally construed, yet it is necessary that a specific crime be alleged in order to confer jurisdiction on the magistrate. It is not necessary that an information be drawn with the preciseness of an indictment, but before a person can be held to answer to a criminal charge, he is entitled to have the charge sufficiently specific to allege the commission of a crime.

The information in this case failed to charge the defendant with the crime of assault in the third degree. It omitted to charge the defendant with having unlawfully or willfully assaulted the complainant.

The judgment of conviction should be reversed by reason of the insufficiency of the information, and this makes it unnecessary to consider the other questions raised on the appeal.

Judgment of conviction reversed.