THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v*. ROSE FRUCI, Defendant.

City Court of Utica, Sitting as Court of Special Sessions, January 31, 1947.

*Robert Cafarell* for the plaintiff.

*Stanley Drejza* for defendant.

WALSH, J. Defendant moves to set aside the verdict of a jury convicting the defendant of the crime of assault in the third degree and to dismiss the information and discharge the defendant on the grounds, (1) that the information is defective because it fails to employ the words, '' willfully and intentionally '' in describing the alleged assault, and (2) that the verdict was against the weight of the evidence, contrary to law and to the facts established on the trial.

Defendant raised the legal sufficiency of the information upon the arraignment, before the trial commenced, at the conclusion of both the People's case and the defense, and on this motion. The information charged that the defendant '' is guilty of the crime of Assault Third Degree in that on or about the 9th day of September, 1946 at the City of Utica, County of Oneida, State of New York, said defendant did make an assault upon this deponent and did then and there beat, wound and strike, without cause or provocation said deponent upon and about her head and body with her fists, to wit: that at about 8:30 P.M. on September 9, 1946, at No. 811 Morris Street, Utica, N. Y., defendant struck deponent in the face and about the body with her fists.''

The information here alleges the time, place, person and other circumstances that constituted the alleged crime (*People v. Wacke,* 77 Misc. 196) and the defendant was placed upon

notice of what facts were to be presented against her on the trial so that she could meet the issue and prepare her defense. Has she been prejudiced in any way by the failure of the information to employ the words " willfully and intentionally " or, as a matter of fact, are they required by law to be included in the information? Although the law is not clear, it seems to this court that both questions should be answered in the negative.

Intent in the eyes of the law denotes a state of mind which determines to do a particular act to effect a result (*People ex rel. Hegeman* v. *Corrigan*, 195 N. Y. 1; *People* v. *Molineux*, 168 N. Y. 264, 297). " Willful " denotes a choice of the free will in either doing or not doing an act. In the instant case, the two words when coupled can be said to indicate a free choice of the will to employ force to cause bodily injury.

In the criminal law, there are two general classes of " intent ", (a) a so-called " general intent " which must exist in all crimes, and (b) a further mental element known as the " specific intent " which is essential to particular crimes. For example, in burglary, there is a general criminal intent and in addition, a specific intent to commit another crime such as larceny, arson, rape, etc. It is in this specific intent that burglary differs from unlawful entry. (See 1 Burdick on Law of Crime, § 120, for other examples.)

The general criminal intent in crimes is presumed from the criminal act itself. " If the absence of any general intent is relied upon as a defense, such absence must be shown by the accused." (1 Burdick on Law of Crime, § 120, p. 140.) A specific intent on the other hand is not presumed but is a matter of fact for the jury and must be established by the prosecution in the same manner as any other essential element. In contrast with specific intent, a general criminal intent or that state of mind which voluntarily does a criminal act, is implied. In the case of *People* v. *Rogers* (170 Misc. 609) a wife threw a missile at her husband but unfortunately struck the complainant. This is an example of the so-called " constructive " or " transferred " intent mentioned in the textbooks and resulted in the conviction of the wife, Judge Fasso commenting (p. 610): " An assault, however, may be committed despite the absence of an intent to injure a particular individual. Under the provisions of our Penal Law, a person commits an assault when he willfully and wrongfully assaults another. There is no requirement that there exist a specific intent to do injury to the person assaulted."

In *People* v. *Stevens* (109 N. Y. 159, 163) the Court of Appeals in discussing intent stated, " It is sufficient if he does the act prohibited when the statute makes the mere act itself unlawful. But where a particular intent is an ingredient of the crime, the mere doing of the prohibited act does not constitute the crime unless accompanied with unlawful intent."

*People* v. *Zeigler* (144 Misc. 803) seems to support the defendant's contention that the information is defective, but this court definitely is not in agreement with the learned judge's reasoning in that case although it is in agreement with the result. In that case, the words " without cause or provoation " were missing from the information. (See *People* v. *Katz*, 290 N. Y. 361, 365, for the historical background of statutory assault.)

The instant case involved not an assault alone but an assault and battery. " In a battery, * * * the only intent that is required at common law is a general criminal intent, that is a voluntary infliction of the bodily injury, no specific intent, or premeditation or malice being necessary." (2 Burdick on Law of Crime, § 353, p. 21.) In the opinion of this court, the statute (Penal Law, § 244) requires no more.

For the foregoing reasons, the information is held to be sufficient.

The motion to set aside the verdict of the jury is denied. The court charged the jury that to convict defendant it must find beyond a reasonable doubt that defendant willfully and intentionally committed an assault upon complainant. Defendant was not prejudiced by a more favorable charge than was required by the law.