Benjamin Gassman, P. J.
Defendant demurs to the information herein on four grounds. Only two of the four grounds specified need be considered on this motion. In substance, they allege that the information is legally, insufficient in that it does not specifically set forth the charge against the defendant.
All criminal actions in this court must be prosecuted by informations made by the District Attorney. (Code Crim. Pro., § 742.) Through the filing of such informations this court acquires jurisdiction to hear and determine misdemeanors (People v. Perrin, 170 App. Div. 375). The information must contain facts setting forth the nature of the charge against the defendant and the acts constituting it, so as to enable the defendant to prepare for trial and prevent his being tried again for the same offense (People v. Kasloff, 54 N. Y. S. 2d 455). The information cannot be supplemented or pieced out by affidavits in the Magistrates’ Court (People v. Zambounis, 251 N. Y. 94).
The information must charge the offense in plain, concise, intelligible language, stating facts without conclusions or evidence. (People v. Patrick, 175 Misc. 997.) It must describe or identify the acts or facts constituting the offense, with accuracy, exactness and precision (People v. Zambounis, supra).
The information under attack charges the defendant with “ the crime of violating Multiple Dwelling Law” and alleges that “ the said defendant on or about November 18, 1957, and prior thereto, at the City of New York, in the County of New York, being the agent and having the management and control of the multiple dwelling 212-214 West 141st Street, unlawfully did permit divers violations in and about the said premises, and the same were maintained as a nuisance with conditions therein which were dangerous to human life and detrimental to health. ’ ’
In the light of the forgoing decisions, the information falls far short of the legal requirements. It fails to allege the specific acts claimed to have been committed by the defendant. The *643 charge that the defendant violated the Multiple Dwelling Law, without setting forth the particular acts constituting such violation, is insufficient. (People ex rel. Sandman v. Tuthill, 79 App. Div. 24; People v. Wacke, 77 Misc. 196; People v. Rockwell, 123 N. Y. S. 2d 201; People v. Pillion, 78 Hun 74.) While the information should be liberally construed, in determining its sufficiency, it must, nevertheless, allege a specific crime. (People v. Zeigler, 144 Misc. 803; People v. Hiley, 33 Misc. 168.)
Accordingly, the demurrer is allowed and the information is dismissed.