THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* HENRY K. STEVENS, Respondent.

Upon the trial of an indictment under the Penal Code (§ 467), for unlawfully and wrongfully intruding upon certain premises in the city of Buffalo, without authority of the owner, the evidence established that the defendant, under pretense that he was entitled so to do under a contract of purchase with the owner, entered upon and took possession of the premises described in the indictment and remained in possession for over a year; that the contract gave him no right to possession, and the owner, a non-resident, had given him no permission to enter, and when he took possession he had not performed or offered to perform the contract, but had brought an action against the owner for specific performance and for damages for non-performance. An offer to show by defendant that before he took possession, he fully stated the facts to his counsel, who advised him that he had a right to take possession if he could do so without a breach of the peace, and that he entered in pursuance of such advice, honestly believing that he had a right to do so, was excluded. *Held*, no error; that there was no colorable ground for any claim on the part of defendant that he had any right or authority to enter upon the premises.

*It seems* that on the trial of an indictment under said section the intent is a material element of the offense, and defendant may set up as a defense that he entered under a *bona fide* claim of right, which he might have reasonably believed entitled him to take possession.

To sustain such a defense, however, there must be some colorable ground for such a claim.

(Argued March 12, 1888; decided April 10, 1888.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo, entered upon an order made July 19, 1887, which reversed a judgment entered upon a verdict convicting the defendant of a misdemeanor, and granted a new trial upon questions of law exclusively.

The nature of the indictment and the material facts are stated in the opinion.

*William L. Marcy* for appellant.   A criminal or malicious intent is not an essential ingredient of every crime. (*People* v. *Kibler*, 106 N. Y. 321.)   Where one commits a crime he cannot shield himself behind the plea, "my lawyer told me I could do it." (*People* v. *Weed*, 29 Hun, 628; *Com.* v. *Bradford*, 9 Metc. 268.)

*John Laughlin* for respondent.   Under all the circumstances, defendant's acts cannot possibly be held to be a criminal intrusion upon and occupancy of the premises. (Bishop on Law, §§ 205, 287, 300, 303, 304, 576; Bishop on Statutory Crimes, §§ 132, 231, 432.)   A person who injures or trespasses upon property under a *bona fide* claim of title thereto, or a belief that he has the right to take and use it as he does, especially when there is any fact upon which to found such claim or belief, does not thereby commit a criminal offense. (*Palmer* v. *People*, 45 Ind. 388.)   A person cannot be convicted of a crime for entering upon premises under color and claim of title. (*Windsor* v. *State*, 13 Ind. 375; *Howe* v. *State*, 11 id. 492; *Dye* v. *Commonwealth*, 7 Gratt. [Va.] 662.) A person cannot be convicted of malicious mischief for destroying a fence put upon property of which he is rightly in possession against his wish. (*Sutton* v. *People*, 59 Ill. 68; *Goforth* v. *State*, 8 Humph. [Tenn.] 37; *Russell* v. *Chambers*, 43 Ga. 478; *State* v. *Buckman*, 3 Dutch. [N. J.] 124; *Illis* v. *Knight*, 3 Tex. 312; *State* v. *Phipps*, 10 Iredell [N. C.] 17; *Kilpatrick* v. *People*, 5 Denio, 277.)   A trespass upon property, although it may be willful and malicious, is not within the offense of malicious mischief at common law, unless it was in the night-time, or secretly without the hope of gain, or unless it consisted of some act of cruelty to domestic animals. (*Williams* v *People*, 24 How. 350.)   Defendant should have been allowed to prove that he entered upon and occupied these premises under the advice of counsel, or after

being advised by counsel that he had a right to occupy them, in view of all the facts and circumstances existing between him and the Comstocks, after fully stating them to said counsel. (Bishop on Criminal Law, §§ 298, 299; *People* v. *Burton*, 16 W. Dig. 195; 1 N. Y. Cr. R. 299; *Com.* v. *Bradford*, 9 Metc [Mass.] 268,272.)

ANDREWS, J.   The indictment charged that the defendant "did unlawfully and wrongfully intrude" upon certain premises in the city of Buffalo, without authority of the owner. It was found under section 467 of the Penal Code, which is as follows:   "A person who intrudes upon any lot or piece of land within the bounds of a city or village, without authority from the owner thereof, or who erects or occupies thereon any hut or other structure whatever, without such authority, or a person who places, erects or occupies within the bounds of any street or avenue of a city or village any hut or other structure without lawful authority, is guilty of a misdemeanor."

The evidence on the trial clearly established that the defendant, under pretense that he was entitled so to do under a contract of purchase with the owner, entered upon and took possession of a certain house and lot in the city of Buffalo, and remained in possession thereof for more than a year, when in fact the contract gave him no right to the possession, and the owner, a non-resident, had given him no permission to enter.   The evidence further shows that at the time the defendant took possession he had not performed or offered to perform the contract on his part, but without performance or tender of performance had commenced a suit against the owner for specific performance and for damages for non-performance.   There was not a shadow of right in the defendant to the possession of the premises, either under the contract of purchase or under any writing, nor was any oral permission by the owner that he might take possession pretended. The trial judge put the case to the jury on the question of intention, and charged in substance that the defendant could

not be convicted, unless he entered upon the premises, knowing that he had no right to do so, and with the intent and purpose of unlawfully depriving the owner of the possession of the property. It is claimed on behalf of the People that the charge in this respect was more favorable to the defendant than the law justified, and that under the statute it is sufficient, to constitute the offense of unlawful intrusion, that the defendant entered upon the premises without authority in fact, and that even if the entry was made under a *bona fide* claim of right, that would be no defense if in truth there was no such right and the entry was in fact unauthorized. This construction is made as an answer to the point upon which the General Term reversed the conviction, viz. : That the trial judge erroneously excluded the offer of the defendant's counsel to show by the defendant that before he took possession he fully stated the facts to his counsel and was advised by him that he had a right to take possession of the land if he could do so without a breach of the peace, and that he entered in pursuance of such advice, honestly believing that he had a right so to do. We disagree with the view of the counsel for the People, that on an indictment under this statute the intention of the defendant is immaterial, and that although the defendant entered under a *bona fide* claim of right, which he might reasonably believe entitled him to take possession, nevertheless it would be no defense. Section 467 of the Penal Code is, in substance, a re-enactment of section 1, chapter 396, of the Laws of 1857, entitled, " An act to punish nuisances and malicious trespasses on lands." The words in that act are : " Any person who shall hereafter intrude or squat upon any lot," etc. The word " squat " is omitted in the present statute, but it cannot be doubted that in both statutes the legislature had primarily in view lawless intrusions, especially on vacant lands in cities and villages, without the knowledge of the owner. Intrusion on any lands in cities and villages, vacant or not, is doubtless within the statute. The statute, construed in view of the pre-existing law, was primarily intended to define what was previously known in the criminal law as a

criminal trespass, as distinguished from a mere civil trespass. It may include some cases not before criminal, but this we need not consider. But to constitute a trespass on land an indictable offense, the distinguishing feature is an unlawful and criminal intent. It is the criminal mind and purpose going with the act which distinguishes a criminal trespass from a mere civil injury. (1 Hale's P. C. 509.) It is not necessary in all cases to constitute a crime that a defendant should know that the statute prohibits his act. It is sufficient if he does the act prohibited when the statute makes the mere act itself unlawful. But where a particular intent is an ingredient of the crime, the mere doing of the prohibited act does not constitute the crime unless accompanied with unlawful intent. The cases of larceny, receiving stolen goods, or passing counterfeit money are illustrations. The same act may in one case be larceny, or forgery, or a guilty reception of stolen property, and in another wholly innocent, depending on the intent.

Section 467 of the Penal Code, defining the offense of intrusion on lands, does not, it is true, in terms, make the intent a material element of the offense. But it cannot be supposed that the legislature intended to subject a person to criminal punishment, as when, for example, there being a dispute between neighbors as to the line between them, one moves his fence on to his neighbor's land under a *bona fide* though mistaken belief that he was placing it on the true line, or where a lot owner in a city or village, in erecting a building, encroaches innocently, although without authority, upon the street. Yet both of these cases are within the letter of the statute, but manifestly they are not within the statute, because looking, at the reason of the thing, the ineffaceable distinction between innocence and crime, and the antecedent law, the existence of a criminal intent, as a necessary constituent of the offense, must be implied.

But, notwithstanding the conclusion we have reached as to the true construction of the statute, we are, nevertheless, of opinion that the court was justified in rejecting the proof

offered as to the advice of counsel, for the reason that there was no colorable ground for any claim, on the part of the defendant, that he had any right or authority to enter upon the premises, arising out of the facts existing at the time. The facts were fully known to the defendant. Upon these facts. there was no doubtful question of law, nor was the true conclusion to be drawn from the facts, beyond the comprehension of any person of ordinary intelligence. Whatever advice may have been sought or accepted, there was a willful closing of the eyes to the truth, if the defendant assumed to act upon advice that he was entitled to possession. It may have been supposed that the defendant would gain an advantage in the pending litigation if he could get into possession of the premises, but it is impossible that he could have believed that he was of right entitled to the possession. It is unnecessary to consider whether advice of counsel, accepted and acted upon in good faith, would constitute a defense. The circumstances. do not permit this assumption in this case.

We think the judgment of the General Term should be reversed.

All concur.

Judgment reversed.