THE PEOPLE OF THE STATE OF NEW YORK, on Complaint of FRED A. WENCK, Respondent, v. CHARLES FURY, Appellant.— Judgment of the County Court of Westchester county, affirming judgment of the City Court of New Rochelle, convicting defendant of the crime of violation of Penal Law, section 2036, reversed upon the law, information dismissed, and fine remitted. We are of opinion that the concession or license given to the complaining witness, Wenck, was not a lease of the beach, and was not sufficient to justify him in proceeding against the defendant for unlawful intrusion upon real property, under section 2036 of the Penal Law. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

RANGUS HOLDING CORPORATION, Respondent, v. ABRAHAM BALMUTH, Appellant.— Order denying defendant's motion to dismiss complaint affirmed, with ten dollars costs and disbursements. No opinion. Jaycox, Manning, Young, Kapper and Lazansky, JJ., concur.

ELIZABETH REEVE, Respondent, v. BAYLES REEVE, Appellant.— Ordered, that the decision in this case, handed down on the 21st day of January, 1927,* is amended so as to provide that the case proceed to trial on March 14, 1927, instead of February 14, 1927. The order entered upon the decision of January 21, 1927, is resettled in accordance herewith. Present — Kelly, P. J., Jaycox, Manning, Kapper and Lazansky, JJ.

PHILIP SAPERSTEIN, Appellant, v. MINNIE BERMAN and DANIEL BERMAN, Respondents.— Judgment unanimously affirmed, with costs. The findings of fact and conclusions of law of the learned trial justice as to the offensive conditions prevailing on plaintiff's premises were sustained by the evidence. The prohibition against " spite fences " (Real Prop. Law, § 3, added by Laws of 1922, chap. 374) has no reference to a fence erected to protect the defendants' property from such obnoxious conditions. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

HERMAN SCHICKLER, Respondent, v. DAVID S. GORDON and LEONARD BICKWIT, etc., and Others, Defendants. JAMORWIL REALTY CORPORATION, Appellant.— Judgment modified by striking therefrom the provision " That the plaintiff, Herman Schickler, has no right or power to individually and in his own name convey any interest in and to the real property described in Paragraph ' 3 ' contained herein," and by adding to the provision of the judgment directing the sale of the property a provision that the share of the proceeds to which plaintiff is entitled after sale shall be subject to the rights of the defendant Jamorwil Realty Corporation under and by virtue of a certain contract between plaintiff and one Simmons assigned to said Jamorwil Realty Corporation. The conclusions of law should be modified accordingly. Although the judgment was by default, we believe that substantial justice requires these modifications since the relief granted went beyond that sought by plaintiff. As so modified, the judgment is affirmed, without costs. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur. Settle order on notice.