THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* LEE FOON, Respondent.

First Department, April 16, 1937.

*Erwin N. Schapira* of counsel [*William Copeland Dodge, District Attorney*], for the appellant.

*Marks Wolff*, for the respondent.

O'MALLEY, J. The questions presented by this appeal are (1) whether defendant's motion in arrest of judgment was timely made; and (2) if so, was it properly granted.

By information filed the defendant was accused "of the Crime of Possessing A Narcotic Drug, committed as follows:

"The said defendant, on the 17th day of November, 1936, at The City of New York, in the County of New York, unlawfully did possess and have control of a certain narcotic drug."

At the trial the defendant pleaded guilty. By a majority vote he was committed to the New York City Penitentiary, there to be dealt with according to law. The dissenting justice voted for a twenty-five-dollar fine or five days in the city prison.

At this point defendant's counsel moved in arrest of judgment on the ground that the information was insufficient in law.

Argument was had as to the timeliness of the motion and the sufficiency of the information. The majority of the court finally granted the motion, found the information defective, dismissed it and discharged the defendant.

The motion was timely made. It is provided that the motion " must be made before or at the time when the defendant is called for judgment." (Code Crim. Proc. § 469.) The judgment, however, " is the sentence of the court entered in the minutes of the court." (*Matter of Cedar*, 240 App. Div. 182, 186; 265 N. Y. 620; *People* v. *Bradner*, 107 id. 1.) Here, the sentence evidently had not been formally entered in the minutes, though orally pronounced by the court.

The motion was properly granted. The defendant was entitled to be informed of the nature of the charge against him and of the act constituting it so as to enable him not only to prepare for trial, but to prevent his being tried again for the same offense. (*People* v. *Zambounis*, 251 N. Y. 94.)

By the information filed the defendant was merely informed that he was charged with possessing a narcotic drug. The information contained no reference to any statute. No particular narcotic drug was specified. There is a wide variance in the definition of the word " narcotic." That which might be medically or commonly known as a narcotic need not necessarily be such a narcotic as would come within the purview of the criminal law.

A narcotic is defined as " A substance which directly induces sleep, allaying sensibility and blunting the senses, and which, in large quantities, produces narcotism or complete insensibility." (Century Dictionary and Cyclopedia.)

Subdivision 14 of section 421 of the Public Health Law defines narcotic drugs as meaning coca leaves, opium, cannabis and other substances neither chemically nor physically distinguishable from them. By subdivisions 11, 12 and 13 the term coca leaves, opium and cannabis are themselves more specifically defined.

It is a matter of common knowledge that there are certain substances which would be classified as narcotic under the dictionary definition, but which would not be included within the term narcotic drug as defined in the Public Health Law.

Section 1751 of the Penal Law makes a violation of article 22 of the Public Health Law either a felony or a misdemeanor, dependent upon circumstances with respect to habit-forming drugs. Again, a narcotic is often a habit-forming drug and would come within the purview of this section.

Section 1752 makes the possession of a narcotic with intent to administer or to cause the same to be administered to another without the latter's consent, unless by direction of a physician, a felony; and possession by a person not exempted, of any such narcotic concealed or furtively carried on the person, is made presumptive evidence of an attempt to administer the same in violation of the section.

Under the information as drawn the defendant might have been subjected to trial under any one, or several of these sections. He was entitled to be informed under which provisions the People were proceeding. If it appeared that he was being charged with a violation of section 1752 of the Penal Law, he could move to dismiss the information for lack of felony jurisdiction in Special Sessions. If he was being charged with a violation of section 1751 of the Penal Law, or of section 422 of the Public Health Law, he might be able to defend on the ground that the narcotic possessed by him was not such a narcotic as came within the purview of these sections.

Furthermore, even if charged with the possession of a narcotic coming within the prohibition of these statutes, he might be able to predicate a defense upon the chemical analysis of the subject found upon him for the purpose of showing that it was not one of the prohibited drugs. In any event, were the information more specific as to the particular narcotic drug, or the section under which the information was drawn, he would be in a position to raise a plea of former jeopardy upon some subsequent charge.

Under the information as drawn, therefore, the defendant was not sufficiently informed as to the particular crime charged so as to enable him not only to properly prepare and defend, but also thereafter to raise a plea of former jeopardy. The information, therefore, was defective and insufficient. (*People* v. *Zambounis, supra.*)

It follows that the order appealed from should be affirmed.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur.

Order unanimously affirmed.