THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SOL SILVER, Appellant.

First Department, June 11, 1937.

*Marks Wolff*, for the appellant.

*Philip A. Donahue* of counsel [*William Copeland Dodge, District Attorney*], for the respondent.

PER CURIAM. The information charged the defendant with the commission of the crime of bookmaking as defined in section 986 of the Penal Law, but failed to allege that the offense charged did not occur on an authorized running or trotting track. After a trial before the Court of Special Sessions of the City of New York, New York County, the defendant was found guilty as charged, and a date set for sentence. On the day of sentence the defendant's attorney moved in arrest of judgment, on the ground that the information on which this defendant was convicted did not state facts to constitute a crime, because it did not mention the, so-called, " race track exception." The court below denied the motion, and defendant's counsel took exception.

It is the People's contention here that the cases of *People* v. *Ringel* (250 App. Div. 750) and *People* v. *Crauta* (Id. 853), decided by this court on March 19 and April 30, 1937, respectively, are

controlling, and that the defendant, by failing to demur, waived the alleged defects in the information.

In the *Ringel* case the information was not attacked in the trial court. In the *Crauta* case the district attorney was allowed to amend the information and negative the exception. Therefore, those cases are not controlling.

The defendant's objection was timely though asserted for the first time in arrest of judgment. (Code Crim. Proc. §§ 321, 322, 323, 331, 467 and 469; *People* v. *Wiechers,* 179 N. Y. 459; *People* v. *Lee Foon,* 250 App. Div. 616, decided April 16, 1937.)

Section 17 of chapter 440 of the Laws of 1926, as added by chapter 233 of the Laws of 1934, section 1, in effect April 19, 1934, makes " bookmaking " at an authorized running or trotting track an offense for which a penalty may be collected in a civil suit. Section 986 of the Penal Law (as amended by chapter 233 of the Laws of 1934) expressly states that when an exclusive penalty is elsewhere provided by law for an act prohibited by section 986, " the permitting of the use of premises for the doing of the act in such case shall not be deemed a violation hereof, nor of section nine hundred and seventy-three of the Penal Law." The information, therefore, is fatally defective in that it fails to aver that the room kept and occupied by the defendant was not on a running or trotting track authorized by statute. (*People* v. *Stedeker,* 175 N. Y. 57.) An exception must be pleaded by the People. (*People* v. *Tarlow,* 249 App. Div. 224.)

The motion in arrest of judgment should have been granted.

The judgment should be reversed, the information dismissed and the defendant discharged.

Present — MARTIN, P. J., O'MALLEY, DORE, COHN and CALLAHAN, JJ.

Judgment unanimously reversed, the information dismissed and the defendant discharged.