THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MILTON LEIBY, Defendant.

City Court of Utica, January 11, 1945.

*Hayden Covington* for defendant.

*Russel G. Dunmore* for plaintiff.

LUTZ, J. An information in the above-entitled criminal action accuses defendant of misdemeanor in that on August 24, 1944, in the city of Utica, he " did wrongfully and unlawfully violate the provisions of Section 2036 of the Penal Law of the State of New York, in that he is a person who intruded unlawfully on real property; to wit, did intrude the 10th and 13th floors of Hotel Utica, located at Lafayette and Seneca Streets, Utica, N. Y., on August 24th, 1944, at about 11am and again about noon, knocking at various doors of said establishment, without the authority or permission of persons in charge of said hotel to intrude or visit any floors or rooms of the hotel; and did refuse to leave said premises upon request of deponent."

Defendant has demurred to the information upon the ground that the facts therein stated do not constitute a crime. Such objection raises an issue of law and it goes to the jurisdiction of the court. If it is well taken, defendant cannot be held to answer. Since defendant desired to, and did, raise other issues, decision upon his objection to the information was reserved and the parties went to trial. At the close of the People's case, defendant reserved his motion and proceeded with his case. When evidence was closed, defendant moved for a dismissal on other grounds and upon the merits. There was no jury.

But the question of law, viz., the sufficiency of the information, must first be decided, and that would be so even if it had not been raised by way of demurrer. (*People* v. *Nixon*, 248 N. Y. 182.)

An information is the foundation of this court's jurisdiction in misdemeanor, and it performs the same office as an indictment in a superior court. (*Shapee* v. *Curtis*, 142 App. Div. 155.) The strictness with which an indictment is drawn **is**

not required in drawing an information. (*People* v. *Pillion,* 78 Hun 74.) Yet an information must specify some particular crime and also state, as facts, acts of defendant which constitute the crime. (*People* v. *Grogan,* 260 N. Y. 138.) If intent is an element of the crime charged, even when the statute does not expressly so provide, an accusation of such crime must allege intent. (*People* v. *Stevens,* 109 N. Y. 159.)

The information must be measured by these principles, and determination made whether it charges, in view of the provisions of section 2036 of the Penal Law that defendant unlawfully (1) intruded upon (2) a lot or piece of land in this city (3) without authority from the owner thereof.

Decision may be reached without entering into discussion of intent in connection with the term " intrude " as that word applies to lands, of what, if any, remnant of its common-law meaning remains in it as it is used in section 2036 of the Penal Law or of whether it there contains an element of entry or of ouster. To intrude upon lands with due authority, if such a thing can be imagined, would hardly be unlawful. It is likewise hard to conceive an unintentional intrusion upon lands, or an intrusion upon lands under a mistake of fact, as unlawful in a criminal sense (*People* v. *Stevens, supra*).

The information need not be dismissed for absence of additional allegation to the point of express criminal intent.

The substitution of the term " real property " in the information for " lot or piece of land " in the statute need not of itself vitiate the information. These are equivalent terms. (General Construction Law, § 40.) In criminal pleadings, the words of the statute, or equivalent words, may be used to describe the acts of defendant (*Eckhardt* v. *People of State of New York,* 83 N. Y. 462) and either term includes buildings (*People* v. *Stevens, supra*).

The serious defect is the failure to allege that defendant did not have " authority from the owner."

In place of an allegation to that effect the information states that defendant was " without the authority or permission of persons in charge of said hotel * * *.''

Lack of authority from the owner of the land is an integral part of the crime of intruding upon such land. Possession of authority from the owner is not a matter of defense. It was incumbent upon the People to allege in the information that defendant did not have authority from the owner. (*People* v. *Tarlow,* 249 App. Div. 224; *People* v. *Silver,* 251 App. Div. 309; *People* [*Lewis*] v. *Kollender,* 169 Misc. 995.)

An allegation that defendant's acts were "without the authority or permission of persons in charge of said hotel" obviously does not state that they were "without authority from the owner" of the land.

The importance of such omission to allege the negative of the statutory provision as to authority from the owner, lies in this: thereby the information fails in one of its chief functions, viz., to make such record that defendant, after judgment, may not again be placed in jeopardy for the same offense.

If this case went to judgment, either of conviction or acquittal, on a charge of intrusion without the authority or permission of persons in charge of said hotel, such judgment would not bar prosecution again for intrusion without authority from the owner of the land.

In such case the court should not proceed to judgment, but must dismiss the information and discharge the defendant.

Ordered accordingly.