THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH BRUNO, JR., Defendant.

Supreme Court, Special Term, Niagara County, February 29, 1952.

*Jack E. Gellman, District Attorney* (*Anthony Brick* of counsel), for plaintiff.

*James Librize* for defendant.

WILLIAMS, J. The defendant has moved for a certificate of reasonable doubt in the above-entitled action which was tried in the County Court of Niagara County, and has urged that the indictment is insufficient in law and that the verdict is contrary to the weight of evidence.

In support of the first proposition, the defendant has argued that the case of *People* v. *Silver* (251 App. Div. 309) decided in 1937, is applicable. We do not concur in this contention.

Section 9 of article I of the Constitution, prior to 1940, prohibited any kind of gambling and required the Legislature to pass appropriate laws to implement the prohibition. Sections 973 and 986 of the Penal Law were part of such implementation.

By chapter 233 of the Laws of 1934, it was provided that the exclusive penalty for the registration of bets made on any track or course on which a lawful race was being conducted was the forfeiture of the wager to be recovered in a civil action (*People* v. *Wilson,* 4 N. Y. S. 2d 592). By the same enactment (L. 1934, ch. 233), section 986 of the Penal Law was amended so as to provide: '' When an exclusive penalty is elsewhere provided by law for an act hereby prohibited, the permitting of the use of premises for the doing of the act in such case shall not be deemed a violation hereof, nor of section nine hundred and seventy-three of the penal law.''

It was accordingly held that an information which failed to aver that the room kept and occupied by the defendant was not at a running or trotting track, authorized by statute, was fatally defective (*People* v. *Silver, supra*).

Section 9 of article I of the State Constitution was amended, effective January 1, 1940, so as to give the Legislature authority to permit pari-mutuel betting on horse races. Chapter 254 of the Laws of 1940, effective March 31, 1940, was thereafter enacted authorizing such pari-mutuel betting on horse races. Said enactment (L. 1940, ch. 254, § 24) also repealed the sections which had been added by chapter 233 of the Laws of 1934 providing for the exclusive civil penalty for wagering at a race track. Under these circumstances, the last sentence of section 986 of the Penal Law (quoted above) is no longer operative in view of the repeal in 1940 of the provisions enacted by chapter 233 of the Laws of 1934. Thus, the case of *People* v. *Silver* (*supra*) is no longer applicable and there is no necessity for the indictment or information to aver that the room kept was not at a race track.

As to the second proposition, we find no reason to issue a certificate of reasonable doubt on the facts.