THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK GOODMAN, Appellant.

First Department, November 10, 1953.

*Stuart G. Schwartz* of counsel (*Charles W. Manning* on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*William J. Cantwell* for appellant.

*Per Curiam.* The defendant has been convicted for violation of section 2040 of the Penal Law. The information charged, in substance, that the defendant, being the lessor of a certain building or premises leased to and occupied by one Irene Mac-Leod, unlawfully did willfully and intentionally interfere with the quiet enjoyment of the said leased premises by refusing to permit the installation of a television set therein.

The statute reads as follows:

" § 2040. *Wilful violation of the terms of a lease.*

" Any lessor, agent, manager, superintendent or janitor of any building, or part thereof, the lease or rental agreement whereof by its terms, expressed or implied, requires the furnishing of hot or cold water, heat, light, power, elevator service, telephone service or any other service or facility to any occupant of said building, who wilfully or intentionally fails to furnish such water, heat, light, power, elevator service, telephone service or other service or facility at any time when the same are necessary to the proper or customary use of such building, or part thereof, or any lessor, agent, manager, superintendent or janitor who wilfully and intentionally interferes with the quiet enjoyment of the leased premises by such occupant, is guilty of a misdemeanor."

The information in this case relates solely to the last portion of the statute aforesaid prohibiting interference with quiet enjoyment, and charged no violation based on failure to furnish any of the enumerated services or facilities.

The evidence disclosed that the premises were a hotel of 148 rooms, of which 120 rooms were rented to transients. Mrs. MacLeod rented an unfurnished room by the month at a rental of $67.80 plus $5 for electricity. The letting was oral, and there was no claim of any agreement with respect to the installation of a television set.

The defendant admitted that he had stood in the hallway outside the tenant's room and told delivery men that he would not permit them to bring in the television set. He did this because it was desired that the tenant rent a set from the hotel.

The prosecution asserts that the defendant originally claimed that his purpose was to minimize the use of electricity.

In either event, and assuming that there was no justification for defendant's conduct, it is clear that all that was intended was a mistaken attempt at regulation of the use of the premises with respect to a television set, and no willful and intentional interference with complainant's quiet enjoyment of the premises as required by the statute.

In the absence of proof of criminal intent we hold that no violation of the law was established (see *People* v. *Stevens*, 109 N. Y. 159).

The judgment appealed from should be reversed, and the information dismissed.

CALLAHAN, J. (concurring). I concur for reversal and dismissal of the information on the ground that the last clause of section 2040 of the Penal Law relating to interference with " quiet enjoyment " of leased premises is too vague and indefinite to advise one reading the statute as to what conduct is proscribed, and thus such portion of the statute is void (*Winters* v. *New York*, 333 U. S. 507).

It is inconceivable that the Legislature intended to make every interference with quiet enjoyment a crime, especially where in some cases such interference would not even give rise to a cause of action for civil damages. It is sometimes said that to be actionable an eviction of the tenant must be involved. (See *Boreel* v. *Lawton*, 90 N. Y. 293; *Matter of O'Donnell*, 240 N. Y. 99, 104; *Jackson* v. *Paterno*, 58 Misc. 201, 203, affd. 128 App. Div. 474, and 1 Tiffany on Landlord and Tenant, § 79.) It was not sufficient for the Legislature broadly to brand as criminal " any " interference with quiet enjoyment without further statement or specification of the conduct intended to be proscribed as unlawful interference and without setting forth standards or criteria for determining its unlawful character. No such standards or criteria are to be found in the portion of the statute pertinent to this case.

PECK, P. J., DORE, BREITEL and BASTOW, JJ., concur in *Per Curiam* opinion; CALLAHAN, J., concurs in the result in opinion.

Judgment unanimously reversed and the information dismissed.