Potter, J.
(dissenting). I am unable to concur in the views expressed and the result reached by the majority of the court.
The defendant is charged with committing a misdemeanor under section 1897 of the Penal Law, namely, with carrying and possessing a loaded hunting rifle.
Upon trial the People showed that while being questioned by a police officer on a public street in the early morning hours of January 3, 1961, the defendant was found to have concealed under his coat a loaded 30-30 caliber hunting rifle, also described as a carbine, such possession and concealment being unlicensed.
*120 The crux of the defendant’s defense was that he had found the rifle in a public park; and that at the time he was stopped by the officer, he was carrying the firearm openly.
The only subdivisions of section 1897 under which the People might seek a conviction are subdivisions 1 and 5.
The pertinent provisions of subdivision 1 read as follows: ‘ ‘ 1. A person e * * who carries, or possesses, any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, bludgeon, or who, with intent to use the same unlawfully against another, carries or possesses a dagger, dirk, dangerous knife, razor, stiletto, imitation pistol, machine-gun, sawed off shot-gun, or any other dangerous or deadly instrument, or weapon, is guilty of a misdemeanor, and if he has been previously convicted of any crime he is guilty of a felony ”.
Manifestly, the term “rifle” is not expressly mentioned in subdivision 1. However, the general phrase “ or any other dangerous or deadly instrument, or weapon” found in that subdivision comprehends within its purview a hunting rifle; for, patently, 'such a firearm, if loaded, could well become a lethal weapon when used against another. Moreover, since the term “rifle” is not specified in subdivision 1, but falls within the ambit of the general phrase referred to, the criminal intent mentioned in that subdivision must be explicitly proved; and, hence, the People cannot rely upon the presumption of unlawful intent as set forth in section 1898 of the Penal Law. That presumption is strictly confined to those weapons specifically named in subdivision 1 of section 1897 (People v. Adamkieiwicz, 298 N. Y. 176 ; People v. Charles, 9 Misc 2d 181). With that presumption absent, the record stands totally bare of any proof that the defendant intended to use the rifle unlawfully against another, an essential ingredient of the crime charged against the defendant under subdivision 1; and for lack of such proof the People cannot succeed under that subdivision (People v. Stevens, 109 N. Y. 159, 163).
Nor are the People in any stronger position by resting their case upon subdivision 5 of section 1897, which provides as follows: “ 5. Any person over the age of sixteen years, who shall have or carry concealed upon his person in any city, village or town of this state, any pistol, revolver, or other firearm without a written license therefor, issued as hereinafter prescribed and licensing such possession and concealment, shall be guilty of a misdemeanor, and if he has been previously convicted of any crime he shall be guilty of a felony.”
*121 Although subdivision 5 speaks of a pistol, revolver or other firearm, possession and concealment of which must be licensed as prescribed by section 1897, yet the licensing provisions therein are limited solely to pistols and revolvers, and, hence, are completely silent as to any other type of firearm (§ 1897, subds. 7, 8, 9). Accordingly, a rifle falls outside of the orbit of the licensing requirements in question.
Essentially, then, the question before us is this: Can the accused be convicted of possessing and concealing upon his person a loaded hunting rifle, without a written license, where he has no possible way of procuring such a license?
The very query emphasizes the absurdity of urging such a conviction; and all the more so, since an absurd purpose or result is not to be attributed to the Legislature (McKinney’s Con. Laws of N. Y., Book 1, Statutes, § 145 ; People ex rel. Barnes v. Warden of Workhouse, 127 Misc. 224, 228).
The act of procuring a license is a fact peculiarly within the knowledge of the licensee; and so, ordinarily, he must come forward with the evidence that he obtained a license (9 Wig-more, Evidence [3rd ed.], § 2486, p. 275; Richardson, Evidence [8th ed.], § 102, p. 78; 22 C. J. S., Criminal law, § 571); but evidently, without some licensing law regulating the possession and concealment of rifles (People v. Raso, 9 Misc 2d 739), the accused is entirely foreclosed from any possible defense that in obedience to some existing statute he had, in fact, sought and obtained the requisite license, as ordained thereunder. Without such a statutory command, the defendant cannot be convicted under subdivision 5, for that penal statute must be strictly construed (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 271 ; Yates v. United States, 354 U. S. 298, 304-305 ; People v. Broady, 5 N Y 2d 500, 510-511). Nor should the court, in the absence of some ambiguity, indulge in unwarranted speculation or conjecture as to the intent of the Legislature (People ex rel. Brown v. Woodruff, 32 N. Y. 355, 363-364).
I agree, of course, that there is a sovereign need for a new, regulatory statute (People ex rel. Darling v. Warden of City Prison, 154 App. Div. 413, 422-423), in order to guard against the evil and mischief inherent in the instant set of facts; but that is a matter falling within the sole province of the Legislature. In the anxiety to meet the immediate need, this court should not create a new crime by judicial legislation, a practice always repugnant to the accepted principles of law (Yates v. United States, supra ; Todd v. United States, 158 U. S. 278, 282 ; People v. Briggs, 193 N. Y. 457, 459 ; Tompkins v. Hunter, 149 N. Y. 117, 122).
*122 Accordingly, the defendant’s motions for acquittal, based upon the People’s failure to prove a prima facie case and a case beyond a reasonable doubt, should be granted.
Rossbacit, J., concurs in the finding of guilt only in a separate opinion; Pottee, J., dissents in opinion.
Motion denied. The defendant is found guilty.