■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN M. BARTON, Appellant.— Judgment of the Court of Special Sessions convicting defendant of the crime of unlawful intrusion on real property (Penal Law, § 2036) unanimously reversed, upon the law and the facts, and the information dismissed. Section 2036 of the Penal Law, provides, in part, that "A person who intrudes upon any lot or piece of land * * * without authority from the owner * * * is guilty of a misdemeanor". The record is insufficient to support a conviction for the crime charged because there was no proof that defendant's intrusion was not authorized by the owner of the land nor was the evidence sufficient to establish any criminal intent. The complainant was the tenant of an apartment which was used by a corporation in which the complainant and defendant were officers and in which each had a one-third interest. At the time defendant entered the apartment — after having pushed in the door and broken the lock — complainant had refused permission for defendant to come in and transact corporate business. Considering that defendant was the president of the corporation whose office was in the apartment, that corporate records were maintained and corporate business was transacted there, and in view of the other circumstances surrounding the entry, defendant had a legally colourable basis for entering the apartment. This colourable claim of right — even if it were mistaken — negatives the criminal intent necessary for a convi-

tion under section 2036 of the Penal Law. (See *People* v. *Stevens,* 109 N. Y. 159.) Moreover, the statute defines the crime as an intrusion upon land without the authority from the " owner". The information charges that defendant intruded upon this land and building thereon " without authority from the owner thereof ". Proof that the intrusion was without the authority of a tenant of an apartment is at variance with the charge of intrusion upon the land and building without the authority of the " owner". (See *People* v. *Fury,* 219 App. Div. 747; *People* v. *Leiby,* 184 Misc. 21.) The crime charged was therefore not proven. Concur — Rabin, J. P., Valente, Stevens, Eager and Bergan, JJ.