Samuel M. Gold, J. P.
This is an appeal by six defendants from a judgment of the Criminal -Court, convicting them of violating section 2036 of the Penal Law.
Section 2036 provides that “ [a] person, who intrudes upon any lot or piece of land within the bounds of a city or village, without authority from the owner thereof, * * * is guilty of a misdemeanor
*579 The information merely charged that the defendants, on February 14, 1963, ‘ ‘ unlawfully did intrude upon a certain lot and piece of land, and a building thereat, without authority from the owner
The site of the alleged intrusion was a real estate management office maintained by complainant, Robert Nieman, in an apartment building owned by his wife. On February 13,1963, defendant Clarke had come to the office and discussed with Nieman the possibility of Clarke’s renting a vacant apartment in another building managed by Nieman. The next day Clarke came in, accompanied by defendants Lawson, Hill and Morris. He told Nieman that he had decided to transfer his rights to Lawson and wished Nieman to sign a lease with Lawson. Nieman refused. Hill handed Nieman several leaflets, one of which, entitled ‘ ‘ Case Rules for Action ’ ’, is in evidence as an exhibit. (It is to be noted that Clarke is white and Lawson colored.) Nieman asked the defendants to leave, but they refused and he called the police. When the police arrived, defendants Sutton and Fleisher joined the others and exchanged greetings with them. When the defendants refused police requests to leave, they were arrested.
The word “ intrude ’ is defined in Funk & Wagnalls Standard Dictionary (1941 ed.) to mean “to thrust or force in without warrant or invitation; *. * * to invade”. In order to be guilty of a violation of section 2036, the entry or intrusion must be accompanied by a criminal intent (People v. Stevens, 109 N. Y. 159). The evidence adduced by the prosecution failed to establish that the visit of defendants to the real estate office was originally made with criminal intent. Nieman admitted that “anybody can come in” to his office. There was clearly an implied invitation to Clarke and Lawson to enter Nieman’s office in connection with the possible renting of the vacant apartment to Lawson. The implied invitation is broad enough to extend to those who accompanied Clarke and Lawson and those who joined them somewhat later.
It is clear from the majority opinion of the court below that there would have been no conviction had defendants complied with the requests to leave made of them. That opinion states that defendants’ “ remaining in that office thereafter and their refusal to leave the office when requested to do so by complainant and by the police officer, constituted an unlawful intrusion ’ ’. The District Attorney’s brief in this court is also largely predi—-•cated upon the refusal of defendants to leave the premises upon request.
*580 In this court’'S opinion, section 2036 in clear and unambiguous language makes criminal only an unauthorized entry upon real property. It does not purport to make criminal a refusal to leave property which had been lawfully entered. No case has been called to the court’s attention, or discovered by independent research, which actually holds that the section covers such a situation. The “Proposed New York Penal Law”, drafted and recommended by the Temporary State Commission on Revision of the Penal Law and Criminal Code, contains a section 145.10 which makes one a criminal trespasser who ‘ ‘ knowingly enters or remains unlawfully in a building or upon real property” (emphasis supplied). The commission’s notes state that ‘' In cases where it is not provable that an intruder entered with the requisite criminal intent, appropriate criminal sanctions should be available.” The note adds: “ The trespass provisions in the existing Penal Law [§§ 1425 [9]; 2036], however, are at best ill-defined and narrow in scope [People v. Stevens, 109 N. Y. 159]. The proposed Penal Law corrects these deficiencies ’ ’. It thus seems clear that the commission recognized that section 2036 does not presently make criminal the refusal to leave real property which had been entered lawfully.
A very recent case decided by the United States Supreme Court (Bouie v. City of Columbia, 378 U. S. 347) involved the legality, under a criminal trespass statute of South Carolina, of a refusal to leave a restaurant. The Supreme Court, in reversing convictions by the South Carolina courts, emphasized the basic principle that a criminal statute must give fair warning of the conduct that it makes a crime, quoting from United States v. Harriss (347 U. S. 612, 617) as follows (p. 351): “ The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed ”.
Defendants in the instant case were not fairly apprised by the provisions of section 2036 that their refusal to leave Nieman’s office was a violation of that section. Indeed, the section as written is wholly inapplicable to their refusal to leave. Since defendants have been convicted on the basis of conduct not proscribed by section 2036, the judgment of conviction is reversed on the law and .the facts and the information dismissed.
Tilzer and Hofstadter, JJ., concur.