George B. Tepper, J.
The defendant herein is charged with the unlawful intrusion on property (Penal Law, § 2036).
The complainant, tenant of an apartment in premises 830 Shore Road, Long Beach, New York, testified that he returned to his apartment with his wife about 1:30 a.m., and that at 2:00 a.m. they retired to bed. The door to the apartment was secured and locked. The daughter of complainant and a friend of hers were also in the apartment. Complainant further testified that at about 2:55 a.m. defendant and two men entered the apartment. They came in shouting and remained there for about 10 minutes, after which time one of the men said *391 to the defendant: “Let’s get out of here.” The defendant and the two men then left. Complainant testified that he never gave the defendant, or the men accompanying her, permission to enter.
On cross-examination of complainant it was established that the complainant’s daughter’s friend, who was in the apartment at the time, was the defendant’s husband.
At the end of the People’s case, defendant moved to dismiss the information, and decision was reserved.
Defendant testified on her own behalf that she had been having marital difficulties with her husband and had a private investigator follow her hnsband on the night of August 20 and the morning of August 21, 1964. She received a call from the investigator that her husband and the complainant’s daughter had gone to the complainant’s apartment. The defendant arrived at the building about 2:55 a.m. accompanied by her stepfather and brother. The door to complainant’s apartment was closed. Her stepfather touched the door knob and the door opened, and the three of them entered the apartment. Defendant’s stepfather and brother were also called as witnesses on her behalf, and gave substantially the same testimony.
The defendant attempted to justify her entry into the complainant’s apartment by adducing evidence that she was endeavoring to get evidence in support of her marital litigation.
In People v. Stevens (190 N. Y. 159) it was held defendant’s intrusion without authority from the owner, on advice of counsel, and honestly believing he had a right to do so, did not constitute a defense to the charge of unlawful intrusion.
The court is not called upon, nor will it decide, the conflicting testimony of the complainant and that of the defendant and her witnesses, as to what transpired in the apartment with defendant’s husband. This is unnecessary for a determination of this matter.
At the end of the entire case, defendant again moved for dismissal of the information, and decision was reserved on this motion.
Before the defendant can be convicted of a violation of section 2036 of the Penal Law, there are three elements which must be established, namely: (1) that there was an intrusion on a lot or piece of land; (2) without the consent of the owner; (3) that the intrusion was intentional.
Two novel questions are raised in this proceeding. The first is whether an apartment in an apartment house comes within the purview of the words “lot or piece of land”, as used in the statute. The second is whether the tenant of an apartment *392 is an “owner” within the meaning of the statute. No case directly in point on these questions has been cited, either by the attorney for the defendant or the District Attorney, nor could any decision be found by the court in its independent research.
The words “ lot or piece of land ” as used in the statute have been interpreted as including buildings on such lot or piece of land. (People v. Leiby, 184 Misc. 21.)
In the case of People v. Lawson (38 Misc 2d 611) the defendants entered a renting office of an apartment building which was owned by the complainant’s wife. They were seeking to obtain the rental of an apartment to a colored person, and when this could not be accomplished, the defendants refused to leave the premises, although requested to do so by the complainant and by police officers whom complainant had summoned. The lower court held that the defendants ’ refusal to leave the office, after they had been requested to do so by the complainant, constituted an unlawful intrusion, and defendants were found guilty of violating section 2036 of the Penal Law. This conviction was reversed on appeal (44 Misc 2d 578, 579) on the ground that “ There was clearly an implied invitation * * * to enter”. It further held that section 2036 of the Penal Law “ in clear and unambiguous language makes criminal only an unauthorized entry upon real property ”.
In the instant case, the entry by the defendant into complainant’s apartment was clearly unauthorized.
In People ex rel. Wenck v. Fury (219 App. Div. 747) a conviction for violation of section 2036 was reversed because the complainant had a concession or license, and not a lease. The implication of the decision is that if he had a lease, the conviction would have been affirmed.
The case of People v. Barton (18 A D 2d 612) cited by defendant is clearly distinguishable from the instant case. In that case complainant had a lease of an apartment, which was used as an office by a corporation of which complainant and defendant were officers and stockholders. The court held that, under the circumstances, the defendant had a colorable basis for entering the apartment.
The implication of this decision is that if defendant were not an officer and stockholder of the corporation which maintained its office in complainant’s apartment, he would have been guilty of an unlawful intrustion.
This court holds that the words “lot or piece of land”, as used in the statute, includes an apartment in an apartment house.
*393 The next question presented for determination is whether a tenant of an apartment is an “ owner ’ ’ within the purview of the statute.
In Warren’s Weed New York Real Property (vol. 3 [4th ed.], p. 51), it is said: “When a tenant leases property for a term of years, he * * * has an estate in the premises. To a certain extent, for the term of the lease he becomes the owner of the property in his possession. Title, of course, remains in the landlord. Generally speaking, however, he [the landlord] has no rights in the property other than those given him by the lease itself. With some few exceptions he cannot even enter the property without the tenant’s permission.” And on page 54 the following is enunciated: ‘ ‘ The rule is well established that where the property is in the occupancy of a tenant, his possession is the possession of the owner.”
Most certainly the Legislature did not contemplate that a stranger to the tenant of an apartment could enter the apartment at any hour of the day or night without the tenant’s consent, without being considered an unlawful intruder. The court holds that the tenant of an apartment is the ‘1 owner ’ ’ of the apartment within the purview of the statute.
Upon all of the evidence adduced in this case, the court finds that the defendant unlawfully intruded upon the property of the complainant without his consent, and finds defendant guilty of the charge alleged in the information.
The motions made by the defendant at the end of the People’s case, and at the end of the entire case, are all denied, with appropriate exceptions to the defendant.
Defendant is directed to appear at this court on March 10, 1965 at 9:00 a.m. for sentence.