Per Curiam.

An ordinance which when literally applied seeks to make criminal any trespass upon open, unfenced, unposted land of another, no matter what the circumstances, irrespective of intent and irrespective of whether a reasonable person could be expected to know that his conduct was unlawful, cannot be sustained. (People v. Lawson, 44 Misc 2d 578, affd. 16 N Y 2d 552.)
In our opinion, the ordinance in question (Ordinance No. 9 of the Village of Brookville) offends against the principle that a criminal .statute must give fair warning of the conduct that it seeks to make a crime, so that a person of ordinary intelligence would understand that his contemplated conduct is criminal (United States v. Harriss, 347 U. S. 612). Compare subdivision 5 of section 140.00 of the Penal Law which under similar circumstances, i.e., entry upon open, unfenced, unimproved land, *562 requires posting or a personal communication to the person not to trespass.
Judgment of conviction should be unanimously reversed on the law and complaint dismissed.
Concur — • Gulotta, P. J., Pittoni and McCullough, JJ.
Judgment reversed, etc.