Robert W. Cacaos, J.
The defendant is charged with violating section 104.141 of the Code of the City of Yonkers in that he operated “ a commercial laundry, selling and offering for sale laundry services on the basis of weight, and does not have approved, tested and sealed scales on the premises.”
*803 The ordinance in question entitled “ Section 104.141, Weighing Devices in Laundry Required, ’ ’ reads as follows: ‘ ‘ All commercial laundries performing, selling or offering for sale laundry services on the basis of weight shall have legal scales of approved type and design properly tested and sealed in their premises.”
The defendant operates a self-service dry cleaning store where the patron may, after depositing the required number of coins in a machine, have his clothes dry cleaned without the help or aid of any store personnel.
The defendant takes the position that his premises are not a ‘ ‘ laundry ’ ’ within the meaning of the ordinance and, that in any event, he does not sell by weight; rather, the customer pays so much a load, with a maximum load being eight pounds, for the reason that the machine will not effectively clean more than eight pounds.
The question posed is whether the statute proscribes the operation of the defendant’s store as described. The ordinance in question is penal in nature and must be strictly construed against the People and in favor of the accused (People v. Shapiro, 4 N Y 2d 597 ; People v. Farone, 308 N. Y. 305, cert. den. 350 U. S. 828).
Webster’s Third International Dictionary Unabridged 1961 Edition defines “ launder ” as follows: “ To wash, (as clothes) in water * * * to wash and iron. ’ ’ The same work defines ■ ‘ laundry ” as: “ A commercial establishment where laundering is done. ’ ’ And ‘ ‘ dry cleaning ” as: “ The cleaning of fabrics with substantially nonaqueous organic solvents (as petroleum naphtha or clorinated hydrocarbons) to which special detergents or soaps are often added.”
The court has been unable to find any cases which would be helpful in establishing the legal effect of the word ‘ ‘ laundry. ’ ’ The New York City Administrative Code distinguishes dry cleaning from laundering, the distinction being emphasized in the code’s view of the possible dangerous effect of what is substantially the same process; i.e., removing dirt from garments. Section B32-167.0 of the Administrative Code of the City of New York defines laundry as “ any place which is used for the purpose of washing, drying, starching or ironing, for the general public, wearing apparel, household linens, or other washable fabrics, or a place used or maintained for the storage, collection or delivery of such articles for such service ”. Under the section of the code dealing with fire prevention, it defines dry cleaning or dry dyeing as ‘ ‘ the act or process of washing or immersing in volatile, inflammable oil or liquid a garment, fabric, fibre, *804 substance or article, for the purpose of cleaning or dyeing it.” (Administrative Code, § C19-2.0).
The distinction is pertinent to the problem presented in this case. The right of a legislative body to legislate is grounded philosophically in its duty to protect the public. That duty is limited in many ways. The legislation must be clear, and not vague (People v. Caswell-Massey Co., 6 N Y 2d 497 ; People v. Feeney, 24 Misc 2d 74). It must give fair warning that the conduct the section prohibits is covered so that a person of ordinary intelligence would know that the contemplated action was 'criminal (People v. Smith, 63 Misc 2d 561, affd. 27 N Y 2d 775) and the statement cannot be extended by judicial interpretation (People ex. rel. Carollo v. Brophy, 294 N. Y. 540) or enlargement of what is the clear intent of the emanating body (Delany v. Central Val. Golf Club, 28 N. Y. S. 2d 932, affd. 263 App. Div. 710, affd. 289 N. Y. 577).
The Yonkers City Code, under sections 62-7 to 62-15, has extensive requirements enacted with a view toward regulating the operation of coin-operated dry cleaning establishments. Nowhere therein does it require weighing devices, either sealed or unsealed.
It is clear that the ordinance in question can only be interpreted to require that laundries must have approved scales. It is also clear that the defendant is not engaged in the laundry business. If it is the desire of the Common Council to require that the operators of self-service coin-operated dry cleaning establishments in Yonkers sell by weight and have properly tested and sealed scales, it is incumbent upon the Council to enact the appropriate leigslation. This complaint is dismissed, and the defendant is discharged.